LEVI WEED, Respondent, *v.* THE VILLAGE OF BALLSTON SPA, Appellant.

A person traveling upon a highway is, as a general rule, justified in assuming that it is safe ; and, where he is injured in consequence of a defect therein the fact that he had previous knowledge of the existence of the defect, does not *per se* establish negligence on his part.

Defendant's charter (chap. 356, Laws of 1855) makes the village a separate road district, and constitutes its trustees commissioners of highways, with like powers and duties as commissioners in towns ; and provides for the assessment of highway labor by them. *Held,* that the charter, in this respect, imposed a corporate duty to keep the streets in repair, the trustees being its agents and not independent public officers ; that the fact that the charter does not authorize the levying of any tax for highway purposes, except the ordinary assessment for highway labor, did not excuse from the performance of this duty, as the trustees had power to appoint overseers, and the latter had power to make an additional assessment, in case that made by the trustees proved insufficient to keep the streets in repair (1 R. S., 503, § 8) ; also, that an omission to appoint overseers did not justify the non-performance of such duty.

Plaintiff, on the evening of May 7, 1872, while driving along one of defendant's streets, drove into a trench and was injured. The trench had been dug before May first by the owner of a lot adjoining the street, without permission of the village authorities. The excavation was left with slabs laid across it, with boxes and a barrel thereon, and sometimes a light was placed there. The night of the accident was dark ; the street lamps were not lighted, and there was no light at the excavation. The street was the principal thoroughfare of the village. Several of the village trustees had knowledge of the excavation some days before the accident. Plaintiff was familiar with the street, and had seen the excavation several times prior to the accident. *Held*, that the facts justified findings, charging defendant with notice of the existence of the excavation, and with negligence in not abating the nuisance, or so guarding it as to prevent accident; also, that the question of contributory negligence was one of fact.

(Argued February 5, 1879 ; decided March 18, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover damages for injuries occasioned by driving into an excavation, alleged to have been negligently left open in one of defendant's streets.

The facts appear sufficiently in the opinion.

*Matthew Hale*, for appellant. No negligence was proved on the part of defendant. (*Sparhawk* v. *City of Salem*, 1 All., 30, 32; *Macomber* v. *City of Taunton*, 100 Mass., 255; *Randall* v. *East. R. R. Co.*, 106 id., 276; *Smith* v. *Mayor*, 66 N. Y., 295; *City of Buffalo* v. *Holloway*, 3 Seld., 493; *Deyo* v. *N. Y. C. R. R. R.*, 34 N. Y., 9; *Padden* v. *N. Y. C. R. R.*, 44 id., 478; 2 Hill on Torts [3d ed.], 387, 388; *Hull* v. *Richmond*, 2 Wood & M., 337.) The absence of necessary funds, or the legal means of procuring them, excused defendant from the duty of repairing. (*Hines* v. *City of Lockport*, 50 N. Y., 238, 239; *Lamont* v. *Haight*, 44 How. Pr., 1.) The power of defendant's trustees over highways is so restricted that a very restricted rule of liability should be applied in a case of this kind. *Harrington* v. *Vil-*

*lage of Corning*, 51 Barb., 396; *Huston* v. *Mayor*, 5 Seld., 163; *Davenport* v. *Ruckman*, 37 N. Y., 568; *Requa* v. *City of Rochester*, 45 id., 129, 133–134; *Diveny* v. *City of Elmira*, 51 id., 506, 513; Charter Laws 1864, chap. 139; *Hines* v. *City of Lockport*, 60 Barb., 378, 386.) When a charter does not impose a well defined and unrestrained duty, and when the corporation does not have funds, or a certain legal means of obtaining them, it is not liable. (*Huston* v. *Mayor*, 5 Seld., 163, 170; *Smith* v. *Wright*, 27 Barb., 621, 630; *Cole* v. *Trustees of Medina*, 27 Barb., 218; *Peck* v. *Village of Batavia*, 22 id., 634; *Haskell* v. *Village of Penn Yan*, 5 Lans., 44; *Herrington* v. *Village of Corning*, 51 Barb., 396.) The power of assessment and commutation for highway labor in a village charter is not such a means of raising funds as would create a liability. (*Hines* v. *City of Lockport*, 50 N. Y., 236; 60 Barb., 378; *Hover* v. *Barkhoof*, 44 N. Y., 113; *Robinson* v. *Chamberlain*, 34 id., 389; *Garlinghuce* v. *Jacobs*, 29 id., 297; *Lament* v. *Haight*, 44 How. Pr., 1, 5.) Actual notice to a trustee or director of a corporation is not notice to the latter. (*Requa* v. *City of Rochester*, 45 N. Y., 129; *Nat. Bk.* v. *Horton*, 1 Hill, 572; *Bk. U. S.* v. *Davis*, 2 id., 451.) Constructive notice from lapse of time cannot be based on less than two or three weeks. (*Mayor* v. *Sheffield*, 4 Wall., 189; *Todd* v. *City of Troy*, 61 N. Y., 516; *Divney* v. *City of Elmira*, 51 id., 506; *Hutson* v. *Mayor*, 5 Seld., 163; *Griffin* v. *Mayor*, id., 456· *Davenport* v. *Ruckman*, 37 N. Y., 568.)

*L. B. Pike*, for respondent. Defendant, having permitted the highway to remain out of repair after actual and constructive notice, was liable for all damages to one lawfully traveling upon it who was free from negligence. (*Hickock* v. *Village of Plattsburgh*, 16 N. Y., 161; *Wendell* v. *City of Troy*, 4 Keyes, 272; *Davenport* v. *Ruckman*, 37 N. Y., 568; *Divney* v. *City of Elmira*, 51 id., 506, 542; *Hudson* v. *Mayor*, 5 Seld., 163; *Storrs* v. *City of Utica*, 3 Smith,

104; *Requa* v. *City of Rochester*, 45 N. Y., 129; *Masterton*
v. *Village of Mt. Vernon*, 58 id., 391; 37 Barb., 292; 44
id., 385; 41 id., 381; 50 id., 358; 3 N. Y., Sup. Ct., 504.)
Neglect to keep proper lights and guards, at night, around
the excavation was sufficient to charge defendant. (*Storrs*
v. *City of Utica*, 3 Smith, 104.)   It was immaterial whether
defendant had money or not, with which to keep the street
in repair. (*Hickock* v. *Plattsburgh*, 16 N. Y., 162, 168; 44
id., 117; 34 id., 395; *Hyatt* v. *Trustees of Rondout*, 44
Barb., 391.)   The corporation, having means to raise money
at any time by vote, it could not evade liability by refusal
of its corporators to do so. (Laws 1855, pp. 671, 683, §§
9, 2, 3, 24; *Hover* v. *Barkhoof*, 44 N. Y., 113; 34 id., 395.)
Plaintiff had a right to assume that at the time of the acci-
dent the street was in repair. (*Davenport* v. *Ruckman*, 37
N. Y., 568.)

ANDREWS, J.   The plaintiff on the evening of May 7,
1872, when driving along Milton avenue, a public street in
the village of Ballston Spa, drove into a trench, excavated
in the street, and was thrown from his wagon, and injured.
This action is brought to recover for the personal injury,
and the injury to the wagon, resulting from the accident.
The trench extended from near the gutter, several feet
into the street, and was dug by the owner of an adjoin-
ing lot, without so far as appears, having obtained any per-
mission to do so from the village authorities, for the pur-
pose of connecting his premises with the water mains, in
Milton avenue.

The referee finds that the excavation was made shortly
before the first of May, and rendered the street dangerous
to persons traveling thereon, and was left sometimes sur-
rounded with a barrier, with a light to indicate the place of
the excavation, and sometimes with a barrier alone, and with-
out a light, but he further finds that the barrier was an
insufficient protection against injury or accident.   It con-
sisted of one or more slabs laid over the trench on which

were placed two boxes, and a barrel. The accident occurred between nine and ten o'clock in the evening. The plaintiff testified that the night was very dark. The street lamps were not lighted, and at the time of the accident there was no light at the excavation. The plaintiff also testified that there was no barrier there, but the evidence on the part of the defendant tended to show, that the barrier which had been there previously, was there at the time.

The slabs and boxes were put there by the person who made the excavation. The referee finds that the trustees of the village had knowledge of the excavation several days before the accident, and that they negligently permitted it to remain without properly protecting and guarding the public against injury therefrom, in violation of their duty. There is no proof of express notice to the corporation of the existence of the excavation. It was proved however, that Milton avenue was the main thoroughfare in the village, and that several of the trustees had seen the excavation before the accident, and that it would be observed by persons passing along the street. Neither the village nor any officer of the village so far as appears in any way exercised any supervision over the excavation. The village authorities simply ignored the matter, and did not interfere to guard or protect the public against injury. The overseer of highways testifies that if there had been dirt at the side of the hole, he could have filled it up in fifteen minutes.

The defense that there was contributory negligence on the part of the plaintiff rests mainly on the fact that the plaintiff was familiar with the street, and on several occasions before the accident had seen the excavation, and the argument is that he ought to have avoided driving into it. . But we think the question of the plaintiff's negligence was one of fact, and that the finding of the referee thereon cannot be disturbed. In general a person traveling upon a highway is justified in assuming that it is safe. The plaintiff although he had known of the excavation, might not remember its exact location, or the fact may have been forgotten. The

light which the referee finds had on some previous occasions been placed thereon, and which the plaintiff testifies he had seen was not there at this time.   The plaintiff was driving on a slow trot, and the fact that he did not keep in the middle of the street was not negligence, if at the time he was not conscious of the impending danger.

It is claimed however that no negligence was shown on the part of the defendant, and this presents the principal question in the case. . This claim is put upon two grounds, *first*, that no duty rested upon the village to repair the highway, or to guard the excavation, as it had no funds, or resources to provide the necessary labor and no authority to incur any expense for the reparation or oversight of the highway, and *second*, that it was not chargeable with notice of the existence of the defect, so as to impose upon it any duty in respect to it.

The charter of the defendant makes the village a separate road district, exempt from the superintendence of the highway commissioner of the town, and constitutes the trustees, commissioners of highways for the village, with the same powers and duties over the roads and streets therein, as commissioners of highways in towns, and with the like power to appoint overseers of highways, having the power of overseers in towns, and provides for the assessment of highway labor by the trustees.   (Chap. 356, Laws of 1855, § 8.)   The general statute imposes upon commissioners of highways, the duty to cause highways in their respective towns to be kept in repair, and to give directions for repairing the same.   (1 R. S., 502, § 1.)   The language of the eighth section of the defendant's charter is substantially the same as used in other village charters, which have been considered by the court, and it has been held to impose a corporate duty.   The trustees in respect to the care and control of the highways of the village, under the charter, were the agents of the corporation, and not independent public officers, and for their neglect to perform the duty imposed upon them, the corporation is

responsible. (*Hickok* v. *Trustees of Plattsburgh*, 16 N. Y., 161; *Conrad* v. *Village of Ithaca*, id., 158.) But the duty imposed is commensurate only with the power vested in the corporation for its performance, and as was said by the court in *Hines* v. *The City of Lockport* (50 N. Y., 238), " the absence of necessary funds or the legal means of procuring them, will excuse the performance of the duty."

It is claimed by the defendant that the facts of the case bring it within this principle. The defendant's charter does not appear to authorize the levying of any tax for highway purposes, in the village except the ordinary assessment for highway labor. The trustees possess in this respect the power of commissioners of highways in towns, and the over-seers appointed by them have the same power to make an additional assessment, in case the assessment made by the trustees is insufficient to keep the highways in repair, as is possessed by overseers of road districts in towns. (Laws of 1855, chap. 356, § 8 ; 1 R. S., 503, § 8.)

There was ample power under the charter in the trustees and officers of the village to call upon the inhabitants to aid in repairing the streets in this case, if such a recourse was necessary, which can hardly be supposed. An omission by the defendant to appoint overseers of highways, or to exercise the powers it possessed to secure the labor neces-sary for the reparation and protection of the street, should not excuse the performance of the duty imposed by the charter, and we are of opinion that the general rule making municipal corporations liable for injuries result-ing from defective streets, applies in this case. The ability to summon the inhabitants to do highway labor, should be regarded as means under the control of the corpo-ration for performing the duty imposed. Neither the corpo-ration, nor any of its officers, did, or attempted to do any-thing, and the defense of want of power is plainly an after-thought. The burden of showing want of means, was upon the defendant, and this is not shown either by the charter, or

the evidence. (*Adsit* v. *Brady*, 4 Hill, 630; *Hines* v. *The City of Lockport*, 50 N. Y., 236; *Erie City* v. *Schwingle*, 22 Pa. St., 384.)

The evidence as to the length of time before the accident, that the excavation had existed, is quite indefinite, but we think that the referee was justified in finding that it had existed for several days. It was the unauthorized act of a third person, and for such acts in the absence of negligence, municipal corporations are not liable. If however a municipal corporation has notice of an unauthorized obstruction in a street, or of an excavation therein, which renders the way unsafe, it is bound to remove the obstruction, and fill, or guard the excavation, so as to protect the public from injury, and for a negligent omission of the duty, it will be responsible. But actual notice of the defect or obstruction need not be shown. If it has continued such a length of time as to become notorious, and to justify the presumption that its existence was known to the agents of the corporation charged with the duty of keeping the streets in repair, notice will be presumed. (*Requa* v. *The City of Rochester*, 45 N. Y., 130; *Diveny* v. *The City of Elmira*, 51 id., 506; *Hume* v. *The Mayor*, etc., 47 id., 639.) Actual notice to the municipal legislative body would often be impracticable, and this is not required. Under the circumstances the defendant was properly chargeable with notice of the existence of the excavation, and with negligence in not abating the nuisance, or so guarding the excavation as to prevent accident to persons using the street.

It is claimed that the finding that the barrier placed by the person who dug the trench, was insufficient, is not justified by the evidence. It did not prevent the plaintiff from driving into the ditch, although he was, as the referee finds using due care, and was free from negligence. The barrier as described was slight, and the referee was justified, we think, in finding that it was insufficient. This case is not upon the facts free from doubt, but the findings are not

unsupported by evidence, and we find no error of law calling for a reversal of the judgment.

The judgment should therefore be affirmed.

All concur.

Judgment affirmed.