RANKERT v. TOWN OF JUNIUS.

(Supreme Court, Appellate Division, Fourth Department.    February 6, 1898.)

1. DEFECTIVE HIGHWAYS—QUESTION FOR JURY.
    The evidence showed that a roadway had been constructed over a ditch, leaving several feet of the latter open on each side of the road; that the ditch had been obscured by weeds and grass for many years, which condition, and that accidents had occurred by reason thereof, were well known to a highway commissioner of the town.    Plaintiff, who was injured by stepping into the ditch on a very dark night, testified that she did not know of its existence, but tried carefully to keep to the beaten pathway on the road. There was no evidence as to when, or by what authority, the ditch was constructed.    Laws 1890, c. 568, § 16, imposes a liability upon towns for injuries sustained by reason of defects in highways existing because of neglect of the highway commissioners.    Held, that the questions of the negligence of the town and of plaintiff's contributory negligence should have been submitted to the jury.

2. TRIAL—DIRECTING VERDICT.
    In deciding whether the questions of defendant's negligence and of plaintiff's contributory negligence should be submitted to the jury, plaintiff is entitled to have all contested facts deemed decided in her favor.

3. DEFECTIVE HIGHWAY—NOTICE.
    The fact that an open ditch on both sides of a highway had been for many years obscured by weeds and grass is constructive notice to the town authorities of the defect in the highway.

    Follett, J., dissenting.

Action by Ida A. Rankert against the town of Junius to recover damages for an injury to the plaintiff, caused by a defective highway in the town of Junius, Seneca county, which occurred on the 27th day of October, 1891. The action was tried at the Wayne county trial term in June, 1896, when the plaintiff was nonsuited, and her exceptions were ordered by the court to be heard in the first instance in the appellate division of this court. Exceptions sustained.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

M. C. Taylor, for plaintiff.
Charles A. Hawley, for defendant.

WARD, J. The plaintiff was injured by stepping into a hole about 18 inches deep and 2 feet wide in a highway in the village of Dublin, in the town of Junius, in Seneca county, early in the evening of the 27th of October, 1891. The accident was a severe one, breaking her leg. The village was a small, unincorporated one, having a post office, an hotel, a store, and other buildings. The street was one considerably used by the people of the place and its vicinity. It was 58 feet wide between the fences. There were dirt sidewalks along each side next to the fences in the village and at the place of accident. In the center of the village the road running north and south was intersected by a sluiceway or ditch, and over this sluiceway a dirt road had been constructed, nearly in the center of the highway, 24 feet and 6 inches wide. The accident was on the east side of this roadway, and about 2 feet from its eastern edge. The sluiceway was open on each side of the highway to the limits of the highway, except such portions as were covered by sidewalk, and the distance of the sluiceway from the eastern boundaries of the highway to the roadway was 23 feet and 3 inches, and the depth varied from 18 inches to 31 inches, with varying width at top and bottom from 2 to 3 feet. Rank grass, horse-radish, and other vegetable matter had grown up along this sluiceway, and in the fall of the year had fallen over, and substantially obscured it from sight. The plaintiff was a dressmaker, living some distance from the village, and had been employed for several seasons by residents of the village and its vicinity, and was somewhat familiar with the location of the street, sidewalks, and surroundings. It was the custom of people coming from the south on the east sidewalk approaching this sluiceway to pass diagonally from about opposite a Mr. Sherman's residence to the beaten track of the road, and thence proceed north to the post office on the west side. On the evening in question the plaintiff had arranged to return home, and after dark had passed from the post office to this highway, thence diagonally to Mr. Sherman's house on the east side of the highway. Visiting there for a few moments, she started to return to the post office by the same route, where she was to take a conveyance for home. The night was very dark. She testifies that she could not see just where she was going, but she was careful, as she thought, to take the course that would lead her into the beaten track of the highway, and while doing so she stepped into this hole, as above stated.

The evidence disclosed that this sluiceway had been in the same condition for many years; that several years before, a resident of this village had stepped into this hole, and he thereupon notified the highway commissioner of the town of the fact; and that a number of others had had the same experience, and that it was a death trap, and ought to be fixed, but no attention was paid to it by the town authorities. The plaintiff testified that she did not know of the existence of this open sluiceway; that she had observed the grass and other vegetable matter, and was trying to avoid that when the accident occurred. There was no evidence as to when this sluiceway was created, or by what authority.

Section 16, c. 568, Laws 1890, in force at the time of this accident, provides that "every town shall be liable for all damages to persons or property sustained by reason of any defect in its highways or bridges, existing because of the neglect of any commissioner of highways in such town." "If * * * a municipal corporation has notice of an unauthorized obstruction in the street, or an excavation therein which renders the way unsafe, it is bound to remove the obstruction, and fill or guard the excavation, so as to protect the public from injury; and for a negligent omission of the duty it will be held responsible." Judge Andrews, speaking for the court of appeals in Weed v. Village of Ballston Spa, 76 N. Y. 336. In that case the plaintiff drove into a trench which had been left unguarded in a street, and was injured, and a recovery for damages in consequence thereof was sustained. In Ivory v. Town of Deer Park, 116 N. Y. 476, 22 N. E. 1080, the plaintiff was traveling in a wagon, in the nighttime, along a road in the town of D., which had been many years used as a highway. At a point where the beaten track curved, his horses, instead of following the curve, continued straight on, and the wagon fell down into a cut made by a railroad company about 11 years before, and the plaintiff was injured. The edge of the cutting was about 11 feet from the beaten track. There was no ditch or barrier of any kind between. The surface was substantially smooth and unbroken, and had remained so from the time that the excavation was made. In an action to recover damages it was held that the question of the defendant's commissioner's negligence was properly submitted to the jury.

The learned counsel for the respondent contends that the defendant is not liable, because the defect was one of plan, and not of negligent construction or dilapidation. We assume that he means by this that the town authorities have exercised a judgment as to the manner of the construction of this sluiceway and the protections to its approach, and the courts cannot supervise that judgment. There is evidence of negligent construction, and of the continuance of an open ditch and public nuisance in a highway, of sufficient depth and size to create injury to persons using the highway, whoever may have been responsible for it. The counsel also contends that there is not sufficient evidence of the defendant's negligence, or of the freedom of the plaintiff from contributory negligence, to submit those questions to the jury. We cannot concur in this view. Leaving a sluiceway of this character open and unguarded, occupying 23 feet of the width of the 58-foot highway, and permitting grass and other vegetable matter

to accumulate around it, so that it was difficult, if not impossible, for the traveler to discover it, certainly presents some evidence for the consideration of the jury as to the defendant's negligence. The streets are for the use of the public. It is the duty of the municipal authorities to see that they are kept in a reasonably safe condition. The public have a right to use the streets in the nighttime as well as in the daytime, only more care is required on the part of the traveler or the pedestrian when his sight is obscured by the darkness. In deciding this motion, and in determining the correctness of the nonsuit, the plaintiff is entitled to the most favorable inferences deducible from the evidence, and all contested facts are to be deemed decided in her favor. Rehberg v. Mayor, etc., 91 N. Y. 141. The question of contributory negligence should have been submitted to the jury. The condition of this ditch for the length of time stated was constructive notice to the town authorities of this defect in the highway. Besides, a commissioner of the town had had actual notice of its condition, and of accidents similar to the one which happened to the plaintiff.

The plaintiff's exceptions should be sustained, and a new trial granted, with costs to the plaintiff to abide the event. All concur, except HARDIN, P. J., who concurs in the result, and FOLLETT, J., dissenting.

HARDIN, P. J. I am inclined to the conclusion that there was evidence upon which the jury might have found defendant's negligence, and plaintiff free from negligence, and so I favor a new trial. See Maxim v. Town of Champion, 50 Hun, 88, 4 N. Y. Supp. 515, affirmed 119 N. Y. 626, 23 N. E. 1144; Warner v. Village of Randolph, 18 App. Div. 461, 45 N. Y. Supp. 1112; Lane v. Town of Hancock, 142 N. Y. 515, 37 N. E. 473.

FOLLETT, J. I dissent on the ground that the evidence is insufficient to sustain a verdict that the defendant was negligent, or that the plaintiff was free from contributory negligence.