(33 App. Div. 416.)

## KANE v. WHITAKER.

(Supreme Court, Appellate Division, First Department.    October 21, 1898.)

1. INJURIES RESULTING IN DEATH—CONTRIBUTORY NEGLIGENCE.

   Plaintiff sued to recover damages for the death of his wife, occasioned by falling through a skylight in the roof of defendant's hotel. It appeared that the deceased had secured employment at the hotel as a cleaning girl; that the cleaning girls' room was on the roof, and was reached by an elevator; that the deceased came in the evening to go to such room; that she made no inquiry of the elevator man as to its location, or the way to it, as she had been directed to do; that, if she had made such inquiry, she would have been properly directed; and that, in seeking the room without information as to its location, she fell through the skylight and was killed. *Held* such negligence as precluded a recovery.

2. CONTRIBUTORY NEGLIGENCE—EVIDENCE.

   Plaintiff in action for injuries to his intestate should produce evidence from which the inference of freedom from contributory negligence can be drawn.

   O'Brien and Barrett, JJ., dissenting.

Appeal from trial term.

Action by James W. Kane, administrator of the estate of Julia Kane, deceased, against H. Prescott Whitaker.   From a judgment for defendant, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

James E. Duress, for appellant.

Frank V. Johnson, for respondent.

RUMSEY, J.   The defendant is the proprietor and lessee of the Hotel Imperial, in the city of New York; and the plaintiff was the husband, and is the administrator, of Mrs. Julia Kane, who met her death on the 1st of July, 1897, by falling through a skylight in the roof of the hotel.   The action is brought to recover damages resulting from her death.   At the conclusion of the testimony the court directed a nonsuit, upon the ground that the plaintiff's intestate was not shown to be free from contributory negligence.   Judgment for the defendant was afterwards entered, and from that judgment this appeal is taken.

The facts are not in dispute.   It appears that the rooms of the cleaning girls employed in the hotel are situated upon the roof; that access to the roof is had by an elevator; that, on stepping out of the elevator, one enters a passageway which leads to the rooms of the cleaning girls.   The skylight through which Mrs. Kane fell was not

in that part of the passageway through which it was necessary to go in reaching those rooms from the elevator. On the afternoon of the 1st of July, 1897, Mrs. Kane secured employment in the hotel as a cleaning girl. The person who employed her was one Sullivan, the superintendent of the cleaning department. Mrs. Sullivan testified that at the time of employing Mrs. Kane she directed her, when she came to the hotel that evening, to go to a certain entrance and inquire for the elevator, and, when she had reached the roof, to inquire of the elevator man for the cleaning girls' room, which would be shown to her. She was requested to get to the hotel at about 7 o'clock in the evening, but she was unable to go at that time, and the precise time when she did reach it cannot be known. The last seen of her alive was by her sister, at half past 9 o'clock, on the corner of Twenty-Eighth street and Ninth avenue, when she took a car to go east to the Imperial Hotel, which is situated on the corner of Thirty-Second street and Broadway. Shortly after 10 o'clock the attention of somebody was called to the crash of glass, and to the falling of a heavy body; and Mrs. Kane's body was found at the bottom of the light shaft, having fallen through the skylight in the roof. How she got there, or when she went upon the roof, or where she went after she reached the roof, does not appear. No one seems to have seen her when she entered the hotel, and she does not appear to have made any inquiry of anybody, or received any instructions from anybody, as to the manner of reaching the place of her destination. The direct path from the elevator to the door of the cleaning girls' room did not lead her past the skylight through which she fell, but that skylight was situated in another part of the passageway, although it was under the window of the room which she would have been in, had she gone where she was directed; but it does not appear that it was anywhere near the door of that room, or that there was any way by which, when going from the elevator to the door of the cleaning girls' room, she could have gone near that skylight.

The plaintiff claims, in the first place, that the defendant was guilty of negligence because he failed to comply with the requirements of section 467 of the consolidation act (Laws 1882, c. 410, as amended by chapter 566 of the Laws of 1887), which require that the walls of all light shafts shall be carried up not less than $3\frac{1}{2}$ feet above the level of the roof. It is conceded that that portion of the skylight through which Mrs. Kane fell was only 18 inches above the level of the roof. Whether the maintenance of the skylight at that place, and under those circumstances, was negligence for which the defendant was liable, need not now be discussed. Such negligence was assumed to exist at the trial. The learned judge, however, disposed of the case purely upon the ground that there was no evidence to show that the plaintiff's intestate was free from contributory negligence. As has already been said, there is no evidence to show what was done by Mrs. Kane after she entered the hotel. All that can be certainly known upon that subject is that she went into the hotel, and that she must have reached the roof, and, being there, in some way she wandered to this skylight and fell through it. It is not necessary for a person, in an action of this kind, to make direct proof that his

intestate is not guilty of contributory negligence. That fact may be made to appear as well by fair inference from the surrounding circumstances as by direct proof, but, unless evidence is given from which it may fairly be inferred that the intestate was not guilty of contributory negligence, the plaintiff fails to make out a case. It is not sufficient that the case is balanced in that regard, but it is absolutely necessary that the plaintiff should produce evidence from which the inference of freedom from contributory negligence might be drawn, and, unless that evidence is produced, the plaintiff fails in his case. Reynolds v. Railroad Co., 58 N. Y. 248; Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780. In this action we are of the opinion that there was an entire failure to prove this essential portion of the plaintiff's case. It is quite true that Mrs. Kane had been directed to go to the cleaning girls' room, and that she did not know the location of that room. She did not receive directions as to the locality of the room, which she might have followed, and the following of which might possibly have brought her into the place of danger where she received her death, but she was expressly directed when she reached the top of the elevator to inquire of the elevator man for the room where the cleaning girls were, and was told that it would be shown to her. There can be no doubt that if she had made inquiry, and had followed the directions which she would have received when she reached the top of the elevator, she never would have gone in the direction of this skylight, because it is undisputed that when going from the elevator to the door of the cleaning girls' room she would not go by the place where this skylight was situated. So far as appears, that place was one where she had no right to be, and where she would not have been, had she gone directly from the elevator to the room where she was directed to go, and as she would have done, had she made inquiries as she was told to do.

It is said by the plaintiff that the passageway was dark, and that it is probable that his intestate lost her way and fell into the skylight while groping in the darkness, seeking the place of her destination; but there is no evidence that at the time this accident occurred the passageway was dark. Mrs. Sullivan, the witness of the plaintiff, testified that when she went to bed the hall lights inside were all lit up, and the windows were open, and it was light on the roof; that the light from the street shone through, too; and that the light from the shaft itself was bright enough to see the glass, and know that it was glass. There is no other testimony as to the condition of the light in that passageway until nearly half past 2 next morning, when it is shown to have been in darkness, but it is not necessarily or fairly to be inferred from that that it was dark at the time when Mrs. Kane fell. But whether it was or not is of no importance. The important fact is that it does not appear that this woman made effort to ascertain the location of the place where she was directed to go, or the direct way to it; and the jury not only might have found, but must have found, had the question been submitted to them, that she went upon this roof without the knowledge of anybody, seeking a room, the locality of which was not in the vicinity of this skylight, and of which she was ignorant; that she

made no inquiry as to the way to it; that, if she had made inquiry, she would have been directed correctly, and would not have been sent anywhere in the vicinity of this skylight, but that, making no inquiry, and seeking to find the room by herself, without any information, she went into this skylight, and fell through it, and was killed. How she came to go there, whether she walked carefully or heedlessly, and whether the passageway was dark or light, do not anywhere appear; and there is no evidence upon the subject, and nothing from which an inference can be drawn.

In view of these facts, we are quite clear that the learned judge below was correct in saying that there was no evidence which would warrant the jury in finding that the plaintiff's intestate was free from contributory negligence, and for that reason the judgment must be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON, J., concur.

O'BRIEN, J. (dissenting). I cannot agree with the conclusion reached by the majority of the court. At the close of the plaintiff's evidence a motion to dismiss the complaint was made and granted, to which an exception was taken; and thus we are brought to a consideration as to whether, upon the inferences most favorable to the plaintiff to be drawn from such evidence, a prima facie case was made out. This being an action to recover damage for the death of the plaintiff's intestate, alleged to have been caused by defendant's negligence, there is thus presented the usual questions as to whether a prima facie case was made out, tending to show that the death was caused solely by the defendant's negligence; and, incidental thereto, whether the deceased was herself free from contributory negligence. The disposition to be made of these questions necessarily requires a review of the evidence. The testimony of Mrs. Delia Sullivan, who had charge of the hiring of help at the hotel, shows that the deceased was directed to take the servants' elevator to the roof, where the cleaning girls' room was, and to inquire of the elevator man, or of any one whom she should meet, the location of Mrs. Sullivan's room, or of the room the cleaning girl was to occupy, and was told that she would be shown where to go. The deceased went to the hotel about 10:30 p. m., went up in the servants' elevator, and was soon afterwards found dead at the bottom of the shaft. The skylight of the shaft was under Mrs. Sullivan's window. Mrs. Sullivan testified that although there were no lights provided on the roof, and no light over the shaft, there was sufficient light from the windows of the rooms and from the air shaft to show the presence of the skylight; but a policeman who went up on the roof on the night the accident occurred says that such light as sifted through the windows was insufficient, and that he struck matches to find the skylight. It appears without dispute that the shaft through which the deceased fell was illegally constructed. It extended only 6 or 8 inches above the roof, whereas the law requires (Laws 1882, c. 410, § 487, amended, Laws 1887, c. 566) that such shafts be carried up at least $3\frac{1}{2}$ feet above the roof. That the deceased was following directions given

her, with no knowledge of the presence of the shaft, and that there was insufficient light provided, are matters of fair inference. Such an illegal structure, having no safeguards upon a frequented roof, and left at night with only such inconstant and unreliable light as came from adjoining windows and doors, or from the shaft itself, presents sufficient evidence, taken in connection with the directions given by Mrs. Sullivan, from which the jury could infer absence of contributory negligence. It has been held repeatedly that absence of contributory negligence, although to be affirmatively established by the plaintiff, may be inferred from circumstances, without direct evidence. In many cases where judgments for the plaintiff have been upheld, there was no eyewitness of the accident. Johnson v. Railroad Co., 20 N. Y. 65; Noble v. Railroad Co., 20 App. Div. 40, 46 N. Y. Supp. 645. Thus, in the Noble Case the deceased was run over on a foggy night, by a train running very rapidly, at a place where other cars might easily have obstructed his view, and it was held that freedom from contributory negligence might properly be inferred. In the Johnson Case the intestate was run over by an unlighted horse car in a city street, and it was held that absence of any fault on the part of the plaintiff might be inferred. In neither case did any one see the accident. All that is necessary is that the character of the defendant's negligence, taken in connection with all the surrounding circumstances, shall fairly point to the inference that the injured party was not to blame. Tolman v. Railroad Co., 98 N. Y. 198. I think that the plaintiff has stood that test, and should have been allowed to go to the jury on both questions, and that, therefore, the judgment dismissing the complaint should be reversed.

BARRETT, J., concurs.