## BOYLE v. DEGNON–McLEAN CONST. CO.

(Supreme Court, Appellate Division, Second Department.   January 9, 1900.)

1. MASTER AND SERVANT—NEGLIGENCE.

The existence, on an elevated trestle within seven feet of where employés were working, of an uncovered hole seven feet long and four feet wide, through which a fall might prove fatal, was a peril to which defendant could not properly expose its servants at night, in the absence of light sufficient to disclose its presence.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where plaintiff was employed on a trestle, in the upper surface of which was a hole used for dumping coal into a coal bunker, and which was distant about seven feet from where plaintiff was working, it may fairly be presumed that, if plaintiff saw the hole during the one day he was working there, he perceived what it was for, and inferred that it would be covered in the nighttime, when not in use, and when men were called upon to work near it, without enough light to enable them to discern its precise situation and avoid it.

3. SAME—ASSUMPTION OF RISK—QUESTION FOR JURY.

The question as to whether plaintiff, who for one day had been working within plain sight of, and seven feet from, an uncovered hole, leading down into a coal bunker, voluntarily assumed whatever risk there was in the situation, by consenting to work there the night of his injury without sufficient light, was properly left to the jury.

4. SAME—CONTRIBUTORY NEGLIGENCE.

The question as to whether plaintiff was chargeable with contributory negligence in not avoiding a known danger was properly left to the jury.

5. SAME—INFERENCE FROM CIRCUMSTANCES.

The absence of contributory negligence on the part of the person killed may be inferred from the circumstances of the accident.

6. SAME—FORGETFULNESS OF KNOWN DANGER.

Temporary forgetfulness of a known danger would not, as a matter of law, constitute contributory negligence on the part of the injured person.

Appeal from trial term, Kings county.

Action by Bridget Boyle, as administratrix of John Boyle, deceased, against the Degnon-McLean Construction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

L. Sidney Carrere (George O. Redington, on the brief), for appellant. Edmund D. Hennessy, for respondent.

WILLARD BARTLETT, J.   There is no difficulty whatever in sustaining the finding that the defendant corporation was negligent. It provided its servant with a place in which to do his work which was not merely unsafe, but which was extremely dangerous. This was an elevated trestle, in the upper surface of which was a hole about seven feet long by four feet in width, and distant not more than seven feet from that portion of the structure upon which the deceased was engaged in loading lumber on a car. The existence of such an aperture, through which a fall might prove fatal (as it actually did in the case at bar), was a peril to which the defendant could not properly expose its servants at night, in the absence of light sufficient to disclose its presence.

But it is argued that the deceased must have become aware of the existence of the hole during the one day that he worked in plain sight of it, before the night when he was killed, and that he must also then have learned that it was uncovered. Thus, it is said that he voluntarily assumed whatever risk there was in the situation by consenting to work there in the dark, and, furthermore, that he must be deemed chargeable with contributory negligence in not avoiding a known danger. We think it was properly left to the jury to determine precisely what risk the deceased assumed, and whether, under all the circumstances, any fault of his own contributed to the accident. The hole was used for dumping coal into a coal bunker. The general superintendent of the defendant corporation testified that there was loose planking about it, to be placed over it as a covering, and that he had given instructions to cover it up to the foreman of the river gang, who usually unloaded the coal. It did not appear, however, that the corporation had established, or habitually enforced, any rule or regulation to prevent the hole from being left uncovered at night. As the plaintiff's husband was killed by his fall through it, we cannot know from him what degree of care he exercised; but the absence of contributory negligence may nevertheless be inferred from the circumstances of an accident, even when the injured person is unable to give any account of the manner in which it occurred. Noble v. Railroad Co., 20 App. Div. 40, 46 N. Y. Supp. 645, affirmed in 161 N. Y. ——, 55 N. E. 1098.

Assuming, as is argued by the appellant, that the deceased did see the hole during the daytime, it may fairly be presumed that he perceived what it was for, and inferred that it would be covered in the nighttime, when not in use, and when men were called upon to work near it, without enough light to enable them to discern its precise situation, and avoid it. Even if he momentarily forgot its presence, he would not for that reason be chargeable with contributory negligence, as a matter of law. Bassett v. Fish, 75 N. Y. 303. Mr. Beach cites this case in support of the statement that, where one knowing a danger temporarily forgets it, and suffers in consequence, his forgetfulness will not avail him as an excuse. Beach, Contrib. Neg. (3d Ed.) § 37. The language of the court of appeals, however, does not sustain that proposition. On the contrary, the decision plainly imports that such temporary forgetfulness does not necessarily bar a recovery. The plaintiff in the Bassett Case was a schoolteacher, who slipped through a hole in the floor, which the school trustees had negligently allowed to get out of repair. She admitted having seen the hole there weeks before, but Judge Folger said that she might, without fault, have given that remembrance little heed; for she might well suppose that the defect had been repaired. "And if she did not recollect it," he adds, "it was not plainly negligence to have forgotten it; for she might well unburden her mind of it, because of her right to rest upon the assumption that her employer would do its duty to her and to others, and make prompt repair, where repair was so needful." The same reason applies to the circumstances of the case at bar, and it cannot be affirmed as a legal

conclusion that the deceased was at fault for not assuming that the hole was still uncovered.

The appellant cites Morgan v. Village of Penn Yan, 42 App. Div. 582, 59 N. Y. Supp. 504, in support of the proposition that it is no excuse that the deceased may have forgotten the existence of the hole. In the testimony of the plaintiff in that case, however, as set out in the opinion, we find no suggestion of any forgetfulness on his part. He expressly states that he knew he was coming to the place where the heaps of dirt were with which his carriage collided. In O'Dwyer v. O'Brien, 13 App. Div. 570, 43 N. Y. Supp. 815, the plaintiff was injured by tripping over a loose board while carrying a large basketful of clothes, which obstructed her vision so far as her pathway was concerned, and while she was making no effort to observe whether her footing was safe, but was gazing across the street. These circumstances present no analogy to the facts of the present case, nor do those which were held to render the injured persons chargeable with contributory negligence, in Kane v. Whitaker, 33 App. Div. 416, 54 N. Y. Supp. 85, or Williams v. Railroad Co., 116 N. Y. 628, 22 N. E. 1117.

The evidence justified the jury in finding that the trestle through which the deceased fell was insufficiently lighted at the time of the accident. There appears to have been an arc lamp on a mast south of the trestle, but it was not lighted that night until after the plaintiff's husband had fallen through the hole and incurred the injury which caused his death. The defendant employed an electrician to look after the lamps, whose duty it was to turn on and turn off the electric lights when notified to do so. "It was my business," he said, "when I was notified by the foreman, or when somebody else told me, —generally the watchman at the office; he often turned it on. I was not notified that night to turn it on." The learned trial judge charged the jury that, while it was the duty of the defendant to provide lamps and a proper system of lighting, the mere lighting was the duty of a fellow servant, for which the defendant would not be liable. Under the circumstances of the present case, it seems quite doubtful whether the electrician was to be regarded as a fellow servant of the deceased, so as to relieve the defendant from the effect of his failure to furnish the light which was necessary to preserve the safety of the workmen on the trestle. It is not necessary, however, to pass upon this question; for we think it is enough to charge the defendant with negligence that the hole was left uncovered, in proximity to the place where the plaintiff's husband was put at work in the dark.

· Complaint is made of the amount of the verdict as excessive, but it is not so plainly too much as to warrant our interference with the judgment on that account.

The judgment and order should be affirmed, with costs. All concur.