(67 App. Div. 189.)

### MORRISSEY v. SMITH.

(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

1. PERSONAL INJURIES—DEFECT IN SIDEWALK—KNOWLEDGE — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Plaintiff, a child, was walking along the street, carrying a basket, behind her brothers, when she stepped into a hole in the sidewalk, negligently and unlawfully kept and maintained unguarded by defendant, and was injured. She knew of the existence of the hole about three weeks before, but at the time of the accident was not quite sure of its location. Held, that the question of her contributory negligence was for the jury, knowledge of the hole not making it one of law.

2. SAME—INFANT—SUI JURIS—MOTION FOR NONSUIT—PRESUMPTION.

Where, in an action for injuries, it appeared that plaintiff, who was nonsuited on the ground of contributory negligence, was a school girl, and was spoken of as a little girl; that one of her playmates was nine years old; and that plaintiff was carried on the occasions she was taken to and from the hospital, but her age was not proven,—the court will not assume that she was sui juris, but will rather assume, under the rule that on motion for a nonsuit plaintiff is entitled to the most favorable inferences deducible from the evidence, that she may have been of such tender years as to require the question of her status within the law of negligence to be submitted to the jury.

Appeal from trial term, Kings county.

73 N.Y.S.—43

Action for injuries by Lillie Morrissey, an infant, by Patrick Morrissey, her guardian ad litem, against Margaret Smith. From a judgment, dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

J. M. Birnbaum, for appellant.

Bertram L. Kraus, for respondent.·

HIRSCHBERG, J. No question is presented as to the defendant's negligence, it being conceded on the argument for the purposes of this appeal, and the nonsuit having been granted solely on the ground that the plaintiff is chargeable with contributory negligence as matter of law. She fell into a hole which the defendant negligently and unlawfully kept and maintained unguarded in the sidewalk on West Sixty-Second street, in the borough of Manhattan. The accident occurred on the afternoon of June 23, 1900, but the plaintiff knew of the existence of the hole as early as June 3d, and her negligence appears to have been predicated upon that fact chiefly, if not wholly. The mere fact that she knew of the existence of the opening in the sidewalk is not sufficient to make the question of her contributory negligence one of law. On the occasion in question she was carrying a basket. Her little brothers were with her, walking in front of her, as she says, "about the spot when I stepped in." She was not "quite sure" of the location of the hole at the time, and altogether the occurrence was such as, in accordance with well-established principles, required a submission to the jury, under proper instructions, of the question whether she exercised such care as the law enjoins; and, if she did, there could be a recovery notwithstanding her previous knowledge or momentary forgetfulness. Boyle v. Construction Co., 47 App. Div. 311, 61 N. Y. Supp. 1043; Weed v. Village of Ballston Spa, 76 N. Y. 329; Palmer v. Dearing, 93 N. Y. 7; Bullock v. City of New York, 99 N. Y. 654, 2 N. E. 1; Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 469, 11 N. E. 43; Shook v. City of Cohoes, 108 N. Y. 648, 15 N. E. 531; Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238.

The record discloses the fact that the plaintiff is an infant, but her age is not proven, and the respondent claims that this court may therefore assume that she was sui juris, and, indeed, to quote from the brief, that "she may have been in the last year of her infancy." To so assume would be to violate the well-known rule in cases of nonsuit (Kunz v. City of Troy, 104 N. Y. 344, 352, 10 N. E. 442, 445, 58 Am. Rep. 508, 511) that "the plaintiff is entitled to the most favorable inferences deducible from the evidence." It does appear, however, that she was a school girl. She is spoken of in the testimony as "this little girl." One of her playmates, examined as a witness, was nine years old at the time of the trial, which occurred nine months after the accident; and the plaintiff was carried on the occasions when she was taken to and from the hospital. These facts rather require us, under the rule stated, to assume that the plaintiff may have been of such tender years as to require the question of her

status within the law of negligence to be submitted to the jury for its consideration and determination, in which event, if she were found non sui juris, in the absence of negligence on the part of her parents, the doctrine of contributory negligence would have no application. Kunz v. City of Troy, 104 N. Y. 351, 10 N. E. 442, 58 Am. Rep. 508.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.