(89 App. Div. 209.)

### DELANEY v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

**1. Injury from Defective Sidewalk—Contributory Negligence.**

 Where plaintiff, in going to church, notices and avoids ice on the sidewalk, but in returning, in momentary forgetfulness thereof, and while looking across the street, slips and is injured, she is not guilty of contributory negligence as a matter of law.

Appeal from Westchester County Court.

Action by Ellen Delaney against the city of Mt. Vernon. From a judgment for plaintiff and the denial of a new trial, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

William J. Marshall, for appellant.
Odell B. Tompkins, for respondent.

WILLARD BARTLETT, J. This is the case of a traveler on a city sidewalk falling on a considerable accumulation of ice on a city sidewalk, which had existed long enough to impute notice to the municipality—two or three weeks. The plaintiff's wrist was broken by the fall, and the jury awarded her $800.

There is no suggestion that the damages were excessive. The only serious question relates to the plaintiff's exercise of care. The accident occurred on Sunday morning when the plaintiff was returning from church. On her way to church, three-quarters of an hour before, she had perceived the accumulation of ice and walked around it. Going home, as she reached this point, she looked up at the house where she lived on the opposite side of the street, which had previously been obscured from view by intervening objects, and while thus looking she slipped and fell. I do not think that her momentary

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. §§ 1677, 1755.

forgetfulness of the presence of the obstruction in the street can be deemed contributory negligence as matter of law. Weed v. Ballston Spa, 76 N. Y. 329.

The case is one of a large and familiar class, and involves no other question requiring notice. I advise the affirmance of the judgment.

Judgment and order of the County Court of Westchester County unanimously affirmed, with costs. All concur.