(102 App. Div. 23.)

### BARTLEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.  February 15, 1905.)

1. MUNICIPAL CORPORATIONS — DEFECT IN STREET — INJURIES — CONTRIBUTORY NEGLIGENCE.

   In an action against a city for injuries to one who stepped into a hole in a sidewalk, evidence *held* to sustain a finding that there was no contributory negligence.

Appeal from Special Term, Kings County.

Action by Catharine R. Bartley, an infant, by Robert Bartley, her guardian ad litem, against the city of New York.  From an order setting aside a verdict for plaintiff, she appeals.  Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Martin P. Lynch, for appellant.
James D. Bell (P. E. Callahan, on the brief), for respondent.

HIRSCHBERG, P. J.  The plaintiff sues to recover damages for personal injuries sustained by her in falling into a hole in the sidewalk at or near the corner of Third avenue and Thirty-Ninth street, in the borough of Brooklyn.  The accident occurred at about 1 o'clock in the afternoon of November 10, 1901.  The plaintiff was then about 20 years of age.  She had been to church, and was returning in company with a young lady friend, with whom she intended parting at the corner named, and they stood there talking about ten minutes.  The plaintiff testified that she only passed along in the vicinity of the accident once in six months; that she had never seen the hole, and did not know of its existence.  At the time of the accident she stood facing Second avenue, the hole being directly behind her.  When she parted from her friend, she turned to go home, and as she did so she fell into the hole, and was very seriously injured.  Her statement of the occurrence is as follows:

"I stood facing the street where the cars go by there—facing my friend in the street on the curb.  And then I just turned around to go back to my home. Turned to go back to my home, and said good-by to her, and I fell.  Just took a step off the curb.  A step, and down I went."

No question is raised as to the defendant's negligence.  The hole had existed for about ten years, and varied in depth, according to the estimates and measurements of the witnesses, from six inches to a foot.  It could hardly be pretended that such a condition in a public street was reasonably safe, or that the period which had elapsed was insufficient to charge the authorities with constructive notice.  But

the learned justice before whom the case was tried set aside the verdict upon the sole ground that, inasmuch as the accident occurred in the daytime, the plaintiff must be deemed guilty of contributory negligence, as matter of law, or, if not, that her negligence was so obvious, as a fact, that no verdict in her favor should be allowed to stand. He fully recognized the fact that the law of the state compelled a submission of the case to a jury if the circumstances were such that different inferences might reasonably be deduced upon the question of the plaintiff's blame, but set the verdict aside as a qualified but quite apparent protest against such compulsion. He said:

"It seems anomalous indeed that, where there can be but little question in a judge's mind as to the negligence contributing to an injury, still, under some of the decisions, we are compelled to submit that question to the jury. Here this verdict is wrong, upon the evidence. The plaintiff, in the judgment of the court, is not entitled, on the evidence adduced at this trial, to a verdict. It is plain that the condition there presented could be seen by anybody using the sense of sight. There is no doubt about that. Here was a condition that existed, running more than twenty-five feet from the walk on Third avenue, and, as is plainly the evidence, extending from the edge of the flagging on Thirty-Ninth street to the curb."

There can be no question but that the dangerous condition of the sidewalk was, as stated by the learned trial justice, very extensive, and plainly obvious; but unless these circumstances serve to charge the plaintiff with contributory negligence, as matter of law, there is no good reason why she should be subjected to the expense and delay of the additional trials which an affirmance of his ruling will render necessary. The logic of an affirmance would seem to require a nonsuit on the next trial if the same facts are disclosed, and the final trial on the merits must then await the reversal of the judgment which may be entered on such nonsuit. On an examination of the authorities, I find, however, that they are uniform in holding that the plaintiff, under the circumstances of this case, cannot be regarded as negligent in law; nor, within the principles of the authorities, is it easy to see how she could be regarded as even negligent in fact. The most cautious person, ignorant of the menace at his back, might turn on the sidewalk without a previous careful scrutiny; and a person of only ordinary caution, even if cognizant of the danger, might lapse for a moment into forgetfulness while chatting with a friend. The authorities which hold that under such circumstances the afflicted individuals who receive bodily injury through municipal neglect may, if they exercise ordinary care, be held free, in a court of justice, from legal blame, are very numerous, but the reasonable limits of an opinion afford room for the consideration of but a few.

In Conway v. City of Albany, 14 Wkly. Dig. 62, the plaintiff was walking on the sidewalk in broad daylight. She was going at a pretty good gait. She did not look particularly as she was going along. She had passed the spot where the accident occurred once a week—perhaps oftener. She supposed she was looking at the street when she fell. She could have seen the hole into which she tripped, had she looked, but she did not see it until after she had

fallen. Nevertheless a judgment of nonsuit was reversed, the court saying (page 63):

"What attention one walking along a sidewalk must pay to it, it is not easy to say, as matter of law. If he look down all the time, he may run into a post or another pedestrian. The jury must judge whether he is properly careful."

In Bullock v. Mayor, etc., 99 N. Y. 654, 2 N. E. 1, the plaintiff fell on a portion of Third avenue, in the city of New York, where the sidewalk was then maintained by pieces of broken flagstone thrown haphazard in the mud. The plaintiff, with full knowledge of the condition of the walk, while passing from one stone to another, made a misstep, and fell. The Court of Appeals, in reversing a nonsuit, said (page 655 of 99 N. Y., page 2 of 2 N. E.):

"It was the duty of the city to maintain this sidewalk in a reasonably safe condition for public use, and whether it did, or not, was a question for the jury. Diveny v. City of Elmira, 51 N. Y. 512; Todd v. City of Troy, 61 N. Y. 506; Clemence v. City of Auburn, 65 N. Y. 334; Evans v. City of Utica, 69 N. Y. 166, 25 Am. Rep. 165; Niven v. City of Rochester, 76 N. Y. 619; Weed v. Village of Ballston Spa, 76 N. Y. 329; Saulsbury v. Village of Ithaca, 94 N. Y. 27, 46 Am. Rep. 122; Dewire v. Bailey, 131 Mass. 169, 41 Am. Rep. 219. The plaintiff had the right to use this walk, although she knew its condition, and whether she was guilty of any carelessness which contributed to the accident was also a question for the jury."

In Morrissey v. Smith, 67 App. Div. 189, 73 N. Y. Supp. 673, we unanimously reversed a judgment of nonsuit where a plaintiff fell in the daytime into a hole in the sidewalk, of the existence of which she knew. My associates concurred in the opinion I then wrote, which contained the following (page 190 of 67 App. Div., page 674 of 73 N. Y. Supp.):

"The mere fact that she knew of the existence of the opening in the sidewalk is not sufficient to make the question of her contributory negligence one of law. On the occasion in question she was carrying a basket; her little brothers were with her, walking in front of her, as she says 'about the spot where I stepped in'; she was not 'quite sure' of the location of the hole at the time; and altogether the occurrence was such as, in accordance with well-established principles, required a submission to the jury, under proper instructions, of the question whether she exercised such care as the law enjoins, and, if she did, there could be a recovery, notwithstanding her previous knowledge or momentary forgetfulness. Boyle v. Degnon-McLean Construction Co., 47 App. Div. 311, 61 N. Y. Supp. 1043; Weed v. Village of Balston Spa, 76 N. Y. 329; Palmer v. Dearing, 93 N. Y. 7; Bullock v. Mayor, 99 N. Y. 654, 2 N. E. 1; Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 469, 11 N. E. 43; Shook v. City of Cohoes, 108 N. Y. 648, 15 N. E. 531; Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238."

It may be said, of course, that the circumstances in the Morrissey Case, just cited, furnished stronger grounds of excuse for not seeing the hole at the time of the accident than those relied on in the case at bar; but the question is clearly one for the determination of practical men, and cannot be solved as a legal problem. The plaintiff in this case could not see through her back at all, and if she is to be ultimately nonsuited on the theory that the law requires her, upon a public street, when bidding good-by after chatting with a friend, to look around, at her peril, for unknown pitfalls, before she dares to turn around, it

will necessarily follow that no recovery can ever be had where an acci-
dent occurs in broad daylight through a defect in the sidewalk which
is plainly visible. The law, however, demands that such cases, with
their continually varying circumstances, shall generally be decided by
a jury, in recognition of the fact that occasional absorption in other
thoughts than the perils of urban travel is the rule of humanity, and
in obedience to the salutary principle that the degree of caution which
is usually exercised by the average traveler is a sufficiently exacting
standard of duty by which to measure the possible fault of those who
may be personally afflicted by municipal neglect. And in this connec-
tion it may be well to note that the right of a pedestrian to assume that
the sidewalks are reasonably safe is a leading factor which renders it
improper to predicate contributory negligence, as matter of law, unless
the evidence of want of ordinary care is exceptionally strong and clear.
No case which I have been able to find has yet held that the mere fact
that the danger which did the mischief could have been discovered by
unusual vigilance was either sufficient or controlling.

In Delaney v. City of Mt. Vernon, 89 App. Div. 209, 85 N. Y. Supp.
799, the accident, as in this instance, occurred on Sunday morning,
while the plaintiff was returning from church. She knew of the ex-
istence of the accumulation of ice on the sidewalk which caused her
accident, and had walked around it on going to church. On her return
she chanced, on reaching the point of danger, to be looking across the
street at the house in which she lived. Mr. Justice Bartlett said (page
210 of 89 App. Div., page 799 of 85 N. Y. Supp.):

"I do not think that her momentary forgetfulness of the presence of the
obstruction in the street can be deemed contributory negligence, as matter of
law. Weed v. Village of Ballston Spa, 76 N. Y. 329."

In that case the plaintiff's judgment was unanimously affirmed by
this court, then consisting of the same members who are sitting in the
case at bar. It is impossible to distinguish the two cases, in principle,
on the question of contributory negligence, excepting in the present
appellant's favor, unless, as matter of law, an injured pedestrian, who
does not know of a defect in the street, is to be regarded as in a worse
position before the courts than one who does know, but momentarily
forgets.

It is probably safe to say that no case can be found in this state in
opposition to the plaintiff's right to submit her claim to a jury for
determination. Those cited by the learned counsel for the respondent
(Williams v. Village of Port Leyden, 62 App. Div. 490, 70 N. Y. Supp.
1100; Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780; and
Whalen v. Citizens' Gas L. Co., 151 N. Y. 70, 45 N. E. 363) have not
even a remote application to the undisputed facts herein. In this case
the plaintiff unquestionably was seriously injured because she, thought-
lessly, perhaps, but quite naturally and innocently, while leaving a com-
panion with whom she had been conversing, turned herself into a dan-
gerous hole at her back, which the city had negligently maintained for
many years in a public sidewalk; and she has been denied redress be-
cause, it being daylight, she would have seen the hole if she had looked
for it before she turned around and fell into it. To affirm the order in

this case is to grant immunity to municipal neglect in defiance of settled and long-established law.

I recommend a reversal of the order, and the restoration of the jury's verdict.

Order setting aside verdict and granting new trial reversed, with costs, and judgment directed on the verdict of the jury, with costs. All concur.