## MARCH v. TOWN OF SMITHFIELD.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.

1. HIGHWAYS (§ 213*)—PERSONAL INJURIES—NEGLIGENCE—JURY QUESTIONS.

In an action against a town for injuries to plaintiff, who in the nighttime fell into a ditch between the footpath and roadway of a highway, whether defendant's highway commissioner was negligent in failing, after removing a bridge over the ditch, which was used as part of a usual, way between the footpath and the highway, to place barriers where the bridge formerly stood, *held* for the jury.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 535–537; Dec. Dig. § 213.*]

2. HIGHWAYS (§ 213*) — PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action against a town for injuries to plaintiff's wife through falling into a ditch between the footpath and roadway of a highway, it appeared that the wife was accustomed to use a bridge built by defendant over the ditch, and that, though informed by telephone that the bridge had been removed, forgot about it, and in attempting to cross the ditch in the dark fell in. *Held*, that she was not as a matter of law guilty of contributory negligence.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 535–537; Dec. Dig. § 213.*]

Kellogg, J., dissenting.

Appeal from Trial Term, Madison County.

Action by George A. March against the Town of Smithfield. From a judgment dismissing the complaint, and for costs, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Senn & Devitt, for appellant.

J. A. Johnson, for respondent.

SMITH, P. J. This action was brought to recover damages for loss of services of plaintiff's wife, by reason of an injury sustained by her, caused, as it is claimed, by the negligence of the defendant town.

In a hamlet called Peterboro resides the plaintiff's father, Harvey Austin. A stream of water flows down by the side of his house to the ' highway, thence passes in front of his house between the footpath and roadway upon said highway, and thence under the highway. Defendant had for some time maintained barriers between this ditch,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

where this water flowed, and the roadway, and at a point in front of the house of the said Austin had made an opening in that barrier, and had built a bridge across the stream. In October, 1908, for the purpose of cleaning out the stream, this bridge had been removed, and the opening in the barrier upon the roadway had been closed, and the town authorities had refused to rebuild the bridge. Later in that month plaintiff's wife had come home to visit her father and mother. She went out of the house at night for the purpose of visiting a friend. She attempted to take the usual pathway from the house to the highway over the bridge in question, and by reason of the removal of the bridge fell into the ditch and was injured. The learned trial judge was of opinion that the highway commissioner of the defendant town had violated no duty, and dismissed plaintiff's complaint.

From the exhibits in evidence it appears that the footpath was regularly graded and apparently much used. Whatever may have been the duty of the defendant town as to maintaining this bridge at this place, the jury might well have said that, having maintained the bridge, and having removed it, without any protection by light or barrier, from this footpath, the town, through its highway commissioner, had failed to provide the protection that was owing to those having occasion to use the highway. The footpath, as well as the roadway, and the accustomed ways between the footpath and the roadway, are a part of the highway, which it is the duty of the highway commissioner · to protect. Having removed a bridge that had been used as part of a usual way between the footpath and the highway, it was clearly the duty of the highway commissioner to place such barrier that those who had been accustomed to use the bridge might not walk into a trap and thus suffer injury. The failure of the defendant's highway commissioner, therefore, to guard this access to the street, should, we think, have been submitted to the jury, for its determination as to whether such failure was a breach of defendant's duty to plaintiff.

Nor do we think the plaintiff's wife as matter of law was guilty of contributory negligence. When living at home, she had been accustomed to the use of this footbridge. She had come to the house after dark upon the night of the injury. It is true that she had been informed by telephone that the bridge had been taken away. She frankly says that she had forgotten it at this time. These facts do not charge her with contributory negligence as matter of law. Weed v. Village of Ballston Spa, 76 N. Y. 333.

The judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide the event.          ·

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur, except KELLOGG, J., who dissents.