JAMES KETTLE, Appellant, *v.* JOHN TURL et al., Respondents.

1. CONTRIBUTORY NEGLIGENCE — WHEN A QUESTION OF LAW. The question of contributory negligence is generally one of fact to be determined by the jury; and it is only where it clearly appears from the circumstances, or is proved by uncontroverted evidence, that the party injured has, by his own acts or neglect, contributed to the injury, that the court can determine that question.

162    255
166    285
162       255
75 AD²  5

2. When a Question of Fact. In an action for personal injuries alleged to have been caused by the negligence of defendants, in which it appeared that plaintiff was struck by the whiffletrees of defendants' passing truck, as he was mounting his own truck, which was standing close to the curb, on the right-hand side of a street sixty feet wide from curb to curb, the questions of defendants' negligence and plaintiff's freedom from contributory negligence, *held*, under the facts and circumstances of the case, to be questions of fact.

*Kettle* v. *Turl*, 13 Misc. Rep. 156, reversed.

(Argued March 2, 1900; decided March 13, 1900.)

Appeal from an order of the General Term of the New York Court of Common Pleas, entered June 17, 1895, overruling the plaintiff's exceptions, ordered to be heard in the first instance by that court, and denying a motion for a new trial, and from the judgment in favor of defendants, dismissing the complaint upon the merits, entered upon such order.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John H. Whiting* and *George H. Hart* for appellant. The defendants' driver was grossly negligent. (*Moebus* v. *Herrmann*, 108 N. Y. 349; *Murphy* v. *Orr*, 96 N. Y. 14; *Chisholm* v. *State, etc.*, 141 N. Y. 246; *Johnson* v. *S. G. & L. Co.*, 146 N. Y. 160; *Bagley* v. *Bowe*, 105 N. Y. 171; *Powers* v. *Silberstein*, 108 N. Y. 169; *Feeney* v. *L. I. R. R. Co.*, 116 N. Y. 375.) The plaintiff was not negligent. The decision of the General Term is anomalous. (*Weston* v. *City of Troy*, 139 N. Y. 282; *Hoes* v. *E. G. El. Co.*, 161 N. Y. 35; *Moebus* v. *Herrmann*, 108 N. Y. 349; *Palmer* v. *N. Y. C. & H. R. R. R. Co.*, 112 N. Y. 234; *Beecher* v. *L. I. R. R. Co.*, 161 N. Y. 222; *Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419; *Rottenberg* v. *Segelke*, 6 Misc. Rep. 3; *Curtin* v. *M. S. Ry. Co.*, 22 Misc. Rep. 83; *Anselment* v. *Daniell*, 4 Misc. Rep. 144; *Tarler* v. *M. S. Ry. Co.*, 21 Misc. Rep. 684.) Even if contributory negligence be assumed, such contributory negligence was not the direct and proximate cause of the accident. Had the defendants' driver exercised reasonable care and prudence, the accident would have been avoided.

(*Austin* v. *N. J. S. Co.*, 43 N. Y. 77; *Ochsenbein* v. *Shapley*, 85 N. Y. 224; *Costello* v. *T. A. R. R. Co.*, 161 N. Y. 317; *Ottendorf* v. *Willis*, 80 Hun, 262.) The plaintiff was only required to exercise an amount of care commensurate to the apparent danger, and whether or not he did so was for the jury. (*Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 72; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 467; *McGuire* v. *Spence*, 91 N. Y. 303; *Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 390; *Krulder* v. *Wolverton*, 11 Misc. Rep. 537; *Ferguson* v. *Ehret*, 10 Misc. Rep. 217; *Guichard* v. *New*, 84 Hun, 54; *Caldwell* v. *Arnheim*, 81 Hun, 39; *Buhrens* v. *D. D., etc., R. R. Co.*, 53 Hun, 571.) The plaintiff was entitled to go to the jury unless the inference of his negligence was certain and incontrovertible. (*Thurber* v. *H. B., M. & F. R. R. Co.*, 60 N. Y. 331; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 38; *Chisholm* v. *State*, 141 N. Y. 246; *Bagley* v. *Bowe*, 105 N. Y. 171; *Powers* v. *Silberstein*, 108 N. Y. 169; *Feeney* v. *L. I. R. R. Co.*, 116 N. Y. 375; *Moebus* v. *Herrmann*, 108 N. Y. 349.)

*William W. Niles, Jr.*, for respondents. The court's disposition of the motion to dismiss the complaint was correct. (*Steres* v. *O. & S. R. R. Co.*, 18 N. Y. 422; *Barker* v. *Savage*, 45 N. Y. 191; *Eckert* v. *L. I. R. R. Co.*, 43 N. Y. 502; *Nash* v. *N. Y. C. & H. R. R. R. Co.*, 125 N. Y. 715; *Schneider* v. *S. A. R. R. Co.*, 133 N. Y. 583; *Gray* v. *Tompkins*, 40 N. Y. S. R. 546; *Cadwell* v. *Arnheim*, 152 N. Y. 183; *Pakalinsky* v. *N. Y. C. & H. R. R. R. Co.*, 82 N. Y. 427; *Cosgrove* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 91; *Spooner* v. *D., L. & W. R. R. Co.*, 115 N. Y. 22.) The plaintiff voluntarily placed himself in a position of danger, and must be held to abide the consequences of his rash act. (*Morris* v. *L. S. & M. S. Ry. Co.*, 148 N. Y. 184; *Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 N. Y. 308; *Wiwirowski* v. *L. S. & M. S. Ry. Co.*, 124 N. Y. 420; *Whalen* v. *C.*

*G. L. Co.*, 151 N. Y. 70.)    Even if the defendants had been guilty of negligence the plaintiff cannot recover unless he was free from negligence. (*Button* v. *H. R. R. R. Co.*, 18 N. Y. 256.)

MARTIN, J.    This action was for negligence.    The plaintiff was a truckman in the city of New York driving his own team.    On November 16, 1891, shortly after nine o'clock in the morning, he was coming down Tenth avenue, when he discovered a knife lying in the street. . He drove his team to the curb on the right-hand side, alighted, passed to the rear, picked up the knife, returned to the front of his truck, put his hand upon the seat, and in attempting to remount stepped upon the hub of the wheel, when he was struck by the whiffletrees upon the defendants' passing truck, thrown to the street and his right leg broken.

At the place where the plaintiff's team stood, the street was sixty feet from curb to curb, so that there was abundant room for the defendants' truck to pass without coming in contact with or near the plaintiff.

That the evidence contained in the record was sufficient to justify the jury in finding that the defendants were negligent, is not seriously disputed.    Upon the trial, however, the court nonsuited the plaintiff upon the ground that he was guilty of contributory negligence as a matter of law.    This determination was affirmed by the General Term, and presents the only question to be determined upon this appeal.

We think it is obvious that the court could not properly hold as a matter of law that the plaintiff was guilty of contributory negligence.    The question of contributory negligence is generally one of fact to be determined by the jury, and it is not within the province of the court.    It is only where it clearly appears from the circumstances, or is proved by uncontroverted evidence that the party injured has, by his own acts or neglect, contributed to the injury, that the court can determine that question.    The cases are exceptional where it can be held that contributory negligence was so conclusively

established that nothing was left either of inference or of fact to be determined by a jury.

The questions in this case as to contributory negligence were : 1. What constituted ordinary care under the circumstances established upon the trial, and, 2. Was the conduct of the plaintiff such as to show that he exercised that degree of care ? Both of these questions were for the jury.

The facts and circumstances of this case disclose that there is no standard fixed by law by which the plaintiff's contributory negligence could be determined. Clearly, both the question of the defendants' negligence and the plaintiff's freedom from contributory negligence were, under the proof, questions of fact. Hence, the trial court erred in granting the defendants' motion for a nonsuit, and the learned General Term erroneously overruled the plaintiff's exceptions, denied his motion for a new trial, and directed a judgment for the defendants.

The judgment should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and LANDON, JJ., concur.

Judgment reversed, etc.