MORROW, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 2, 1900.) Action by Catherine Morrow, as administratrix, etc., against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed. Amos Van Etten, for appellant. John G. Van Etten, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

HERRICK, J. (dissenting). This case has been affirmed upon the question of contributory negligence, very largely upon the opinion in the case of Kettle v. Turl, 162 N. Y. 255, 56 N. E. 626, wherein the learned judge writing the opinion uses this language: "We think it is obvious that the court could not properly hold, as a matter of law, that the plaintiff was guilty of contributory negligence. The question of contributory negligence is generally one of fact, to be determined by the jury, and it is not within the province of the court. It is only where it clearly appears from the circumstances, or is proved by uncontroverted evidence, that the party injured has, by his own acts or neglect, contributed to the injury, that the court can determine that question. The cases are exceptional where it can be held that contributory negligence was so conclusively established that nothing was left, either of inference or of fact, to be determined by a jury." It does not seem to me that this expression of opinion was necessary for the decision of that case, and, if it was not, we are not bound to follow it. "If, as sometimes happens, broader statements were made, by way of argument or otherwise, than were essential to the decision of the questions presented, they are the dicta of the writer of the opinion, and not the decision of the court. A judicial opinion, like evidence, is only binding so far as it is relevant, and when it wanders from the point at issue it no longer has force as an official utterance." Colonial City

Traction Co. v. Kingston City R. Co., 154 N. Y. 493, 48 N. E. 900; Stokes v. Stokes, 155 N. Y. 581–594, 50 N. E. 342. From the extract cited from the opinion in Kettle v. Turl, it would appear that the court must submit to the jury the question of contributory negligence unless "it clearly appears from the circumstances, or is proved by uncontroverted evidence, that the party injured has, by his own acts or neglect, contributed to the injury." This expression, together with others in the opinion, seems to convey the idea that the burden is upon the defendant to establish contributory negligence upon the part of the plaintiff, and that, unless he makes a clear case of contributory negligence, that question must be submitted to the jury. I cannot think that the court of appeals intended so to decide. I have always understood the rule to be that, in cases of negligence, the plaintiff has to establish two propositions: First, the negligence of the defendant; second, the lack of contributory negligence upon the part of the person injured,—and that both must be established by affirmative evidence, not necessarily direct, positive evidence, but evidence of facts, or of surrounding circumstances, from which the jury can infer a lack of contributory negligence; and that it is a question of law for the court to determine whether there is any such evidence submitted upon which the jury can base a finding of a lack of contributory negligence, and, unless evidence of such a kind is presented, it is, as a matter of law, the duty of the court to withhold the submission of that question to the jury. In the case of Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780, Chief Judge Andrews said: "It is a fundamental principle in the law of this state that, in an action for a personal injury based on negligence of the defendant, the absence of negligence on the part of the plaintiff contributing to the injury must be affirmatively shown by the plaintiff, either by direct proof or by circumstances, and that no presumption arises, from the mere happening of an injury and proof of negligence on the part of the defendant, that the plaintiff was free from blame." In the case of Chisholm v. State, 141 N. Y. 246, 36 N. E. 184, it was stated to be "a fundamental principle that the absence of negligence on the part of the plaintiff contributing to the injury must be affirmatively shown by him; yet this may be done by direct proof, or by circumstances." In the case of Whalen v. Light Co., 151 N. Y. 70, 45 N. E. 363, it was stated to be "the well-settled law of this state that, in actions of this character, the absence of negligence on the part of the plaintiff contributing to the injury must be affirmatively shown by the plaintiff, and that no presumption of freedom from such negligence arises from the mere happening of an injury." A large number of other cases to the same effect might be cited from the court of appeals, but these will suffice; and I cannot believe that the court intended to depart from the hitherto unquestioned rule, and to hold that the question of contributory negligence must be submitted to the jury unless the defendant clearly proves that the injured person by his own negligence contributed to the injury. It seems to me that all that it intended to hold was, and all that was decided is, that where evidence has been

given upon the question of contributory negligence, direct or otherwise, from which the jury might infer its absence upon the part of the person injured, then it becomes a question of fact for the jury, and not of law for the court; and, where evidence has been given upon that subject, the court will not take the question from the jury unless such evidence clearly shows contributory negligence, but first arises the question of law as to whether there is any evidence for the jury to consider from which a lack of contributory negligence can be found.