(63 App. Div. 165.)

COHEN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. STREET RAILWAYS—INJURIES AT CROSSINGS—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Plaintiff, a passenger on one of defendant's street cars, on alighting therefrom at a crossing, passed behind it to cross the other track, when he was struck and carried about 60 feet by a car, which he saw approaching thereon about 50 feet away, when he started to cross, and which could have been stopped in 25 feet. *Held* sufficient to go to the jury on the question of defendant's negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Plaintiff, having the right to assume from the distance of the car that it would be controlled or so slackened as to give him time to cross, was not guilty of contributory negligence as a matter of law.

**8. SAME—EVIDENCE—CONTRADICTORY STATEMENTS.**

Where, in an action for injuries, a physician testified that plaintiff, at the time he made a .statement, was under the influence of morphine, which the doctor had injected, and afterwards testified that he did not know of his own knowledge whether plaintiff was under the influence of morphine or not, but did not deny injecting it, it was not error to refuse to strike out his testimony, it being for the jury to determine which statement was true.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action for injuries by Lawrence Cohen against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Henry L. Franklin, for respondent.

McLAUGHLIN, J. The plaintiff, a boy of 17 years of age, on the 3d of July, 1900, while attempting to cross defendant's tracks at Madison avenue and 113th street, in the city of New York, was struck by one of its cars and injured, and this action was brought to recover damages therefor. The plaintiff had a verdict for $2,000, and from the judgment entered thereon, and from an order denying a motion for a new trial, defendant has appealed, and asks that the judgment be reversed, and a new trial ordered, on the grounds (1) that the verdict was against the weight of evidence; (2) that the plaintiff was guilty of contributory negligence; (3) that the trial court erred in denying a motion to strike out certain evidence.

1. Upon the trial, the plaintiff's testimony tended to show that at the time in question he was a passenger on one of the defendant's cars. When it approached 113th street, he signified to the conductor his desire to leave the car. The car stopped, and he got off, passing around the rear of it with the intention of crossing the defendant's tracks. Before doing so, however, he looked in both directions for the purpose of ascertaining whether another car was approaching. He then saw a car approaching from the north, which was over 50 feet away, and he started to cross, and just as he was passing from the westerly track he was struck, and carried by the car, before it was stopped, a distance of about 63 feet. His testimony was corroborated, in whole or in part, by at least four disinterested witnesses. It also appeared by the testimony of the motorman upon the car that the car could have been stopped, at the rate of speed at which it was running, within 25 feet. The testimony of the defendant's witnesses was directly in conflict with that of the plaintiff and his witnesses. According to this testimony, the defendant crawled under the rail extending along the side of the car upon which he was traveling, and jumped upon the track immediately in front of the car, which struck and injured him.

This being the condition of the testimony of the respective par-

ties at the close of the case, a prima facie case was made for the jury on the defendant's negligence. The car was approaching a crossing, and it was the duty of the defendant at that point to have its car under control. It there had no greater right than the plaintiff had. Dunican v. Railway Co., 39 App. Div. 497, 57 N. Y. Supp. 326. If the car were over 50 feet away when the plaintiff attempted to cross, the defendant could, by the exercise of due care, have prevented the accident, and avoided carrying the plaintiff the distance which it did after he was struck. There was sufficient evi-. dence, therefore, to go to the jury on the question of defendant's negligence, and the verdict in that respect cannot be said to be against the weight of evidence.

2. Nor can it be said, as a matter of law, that the plaintiff was guilty of contributory negligence in attempting to cross the defendant's tracks with an approaching car at least 50 feet away. Whether or not a plaintiff is guilty of contributory negligence is, as a general proposition, a question of fact to be determined by the jury, and it is only where it clearly appears from the uncontradicted evidence that the plaintiff has by its own act contributed to the injury he has received that the court is justified in determining that question as one of law. Kettle v. Turl, 162 N. Y. 255, 56 N. E. 626; McDonald v. Railway Co., 167 N. Y. 66. Here the plaintiff saw the car, and at the distance which it then was from the crossing he had a right to assume that the car would be controlled, or, at least, its speed so slackened, as to give him time to cross; and this could have been done, as already indicated, had the defendant exercised the care required on its part. The motorman testified that he could have stopped the car within 25 feet, and, had this been done, the plaintiff would not have been injured, and, because it was not done, it certainly cannot be said that the plaintiff was guilty of contributory negligence because he assumed that the defendant would exercise the care which the law requires of it.

3. Nor do we think error was committed by the trial court in refusing to strike out certain testimony given by Dr. Blackman. On cross-examination, Dr. Blackman was asked:

"Q. Did the young man tell you, doctor, 'Don't bother me, I am in intense pain,—don't ask me any foolish questions'? A. The man was not in intense pain the next day, because he was under the influence of morphine. I injected morphine into him. We always relieve pain by morphine. I know he was, because the order was given. * * * I know, because I can show it to you on the record."

On redirect examination the doctor was asked:

"Q. The morphia which he was receiving was injected, was it? A. I am able to state only this: that if we give an order to the nurse— The Court (interrupting): 'Oh, well; that won't do. I strike it out.' A. I don't know whether morphine was injected or not, of my own knowledge."

Thereupon a motion was made by defendant's counsel to strike out the evidence of the witness to the effect that at the time plaintiff made the statement referred to he was under the influence of morphine, and the same was granted; but subsequently this ruling was changed, the learned trial judge saying: "The court will with-

draw all statements relative to the question of morphia, and let all the evidence of the physician stand for what it is worth." This ruling was correct. The witness had first stated that the plaintiff, at the time mentioned, was under the influence of morphine; that he himself had administered the morphine, and therefore knew it. Subsequently he testified that he did not know, of his own knowledge, whether he was under the influence of morphine or not, but he did not deny his former statement to the effect that he had administered morphine to the plaintiff; and therefore, in view of these contradictory statements, the court very properly held that as to which statement made by him was true was to be determined by the jury.

On the whole, we are satisfied that substantial justice was done between the parties, and that the judgment and order should be affirmed, with costs.

PATTERSON, J., concurs. HATCH, J., concurs in result. VAN BRUNT, P. J., dissents.

LAUGHLIN, J. I concur on the first two grounds of the opinion, and in the result arrived at on the third ground. I think the evidence should have been stricken out, but the refusal of the court to do so does not constitute prejudicial error. The evidence was volunteered in defendant's behalf by the physician while being cross-examined to combat the theory sought to be developed by plaintiff's counsel to the effect that plaintiff, at the time of making the admissions, was suffering intense pain and did not fully comprehend what he was saying. The physician made it clear that morphine, if taken, would relieve pain, but would not affect the ability of the patient to converse intelligently.