SARAH J. SNOWDEN, Appellant, *v.* THE TOWN OF SOMERSET, Respondent.

NEGLIGENCE — HIGHWAYS — WHETHER HIGHWAY COMMISSIONER WAS GUILTY OF NEGLIGENCE IN MANNER OF GUARDING OPENING IN HIGHWAY WHEN A QUESTION OF FACT FOR JURY. Where a highway commissioner of a town, in order to repair a sluiceway, opened a trench between twenty and thirty inches deep and about seven feet wide across part of a highway, and, without using lights, barricaded such opening for the night by placing five pieces of tile each twenty-seven inches high and weighing about one hundred and seventy-five pounds across the highway at a point seventy-two feet distant from the excavation and on each side thereof, in such a position as to indicate that one side of the highway was closed and the other safe and open for travel, it is a question of fact for the jury whether such barricades were sufficient protection upon a dark night without lights to indicate their position, and whether the highway commissioner was guilty of negligence, under the circumstances, in not using lights.

*Snowden* v. *Town of Somerset*, 61 App. Div. 624, reversed.

(Argued April 11, 1902; decided May 13, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 28, 1901, affirming a judgment in favor of defendant entered upon a verdict directed by the court and an order denying a motion for a new trial.

This action was brought to recover damages for injuries sustained by the plaintiff in an accident alleged to have been caused by the negligence of the defendant's commissioner of

highways. The plaintiff, her husband and family reside on the highway known as the " Burgess Road," which is about a mile in length, and runs north from the " Upper Lake Road " to the " Lower Lake Road " in the town of Somerset, Niagara county. About eighty rods south of the plaintiff's house there is a sluiceway in said Burgess road which crosses the traveled part of the highway. Prior to August 18th, 1897, this sluiceway consisted of two rows of tile covered with earth. On that day said highway commissioner undertook to repair or improve said sluiceway by taking out the tile and substituting therefor a structure of stone. At the close of working hours the earth had been removed and the tile taken out, leaving an excavation between twenty and thirty inches deep, about seven feet wide and sixteen feet long across said road. The earth taken from the trench had been thrown out upon the sides thereof. When the workman employed on this job stopped work for the day he placed five of the tile taken from the sluiceway in an upright position across the highway at a point seventy-two feet south of the excavation and five tile in a similar position at about the same distance north thereof. Each tile was about twenty seven inches high, twenty and one-half inches in diameter, with a flange at one end, two and one-quarter inches wide, making the total diameter at the flange end about twenty-five inches. Each tile weighed about one hundred and seventy-five pounds. The traveled part of the highway was about ten feet wide, and the tile were placed across it close together in a diagonal direction so as to indicate to the traveler that the westerly side of the highway was safe and open for travel. On the day in question the plaintiff, with her husband and children, attented a pioneers' picnic held at Olcott, a number of miles west of her home. The outward journey was made northerly on the " Burgess Road " to the " Lower Lake Road " and thence west, so that the party did not pass the sluiceway. Neither the plaintiff nor any member of her family had knowledge or notice that the sluiceway was being repaired. The party left Olcott for the homeward trip before dark. The return was made on the " Upper

Lake Road." It became dark when they were about three miles distant from their home. As they drove from the "Upper Lake Road" into the "Burgess Road" it began to rain. They were then within half a mile of their home and the plaintiff's husband increased the speed of the team to a brisk trot. Upon reaching the southerly row of tile placed as above stated, the team collided therewith, knocking down the three westerly ones and proceeded onward into the trench where the plaintiff claims to have received her injuries in the attempt to alight from the wagon.

The action has been twice tried. The first trial resulted in a verdict for the plaintiff. The judgment entered upon this verdict was reversed by the Appellate Division on the ground that the alleged negligence of defendant's commissioner of highways had not been established. At the second trial the court directed a verdict in favor of the defendant. The judgment entered pursuant to this direction was affirmed by the Appellate Division upon the authority of its decision in the first appeal. (52 App. Div. 84.) Further facts appear in the opinion.

*S. Wallace Dempsey* for appellant. To warrant a direction of a verdict for the defendant there must be substantially a total lack of evidence in favor of the plaintiff, or such a preponderance in favor of defendant's contention as to make its claim clear, and preclude all controversy to the contrary. (*Whitney* v. *Town of Ticonderoga*, 127 N. Y. 40.) The injury which the plaintiff sustained was the result of negligence on the part of the commissioner of highways. (*Fordham* v. *Gouverneur Village*, 160 N. Y. 541; *Wilson* v. *City of Troy*, 135 N. Y. 95; *Whitney* v. *Town of Ticonderoga*, 127 N. Y. 40; *Cumming* v. *Gillespie Co.*, 41 Atl. Rep. 693; *Burrell* v. *Uncapher*, 11 Atl. Rep. 619; *Slivizki* v. *Town of Wien*, 93 Wis. 460; *Patterson* v. *Austin*, 15 Tex. App. 201.) The excavation across the highway was a dangerous one, and the commissioner of highways was bound to guard travelers from it or to warn them of dangers from

it during the darkness of the night. (*Minick* v. *City of Troy*, 83 N. Y. 215; *Weed* v. *Vil. of Ballston Spa*, 76 N. Y. 329.) The tile placed across the traveled track were not a suitable and sufficient barricade and protection from the sluice. (*Hinckley* v. *Inhab. of Somerset*, 14 N. E. Rep. 166; *Bills* v. *Town of Kaukauna*, 68 N. W. Rep. 992; *Cumming* v. *Gillespie Co.*, 41 Atl. Rep. 693; *Stacy* v. *Town of Phelps*, 47 Hun, 54; *Fordham* v. *Gouverneur Vil.*, 160 N. Y. 541; *Baker* v. *Grand Rapids*, 111 Mich. 447.) The tile, failing to protect from the sluice, became and were a menace and dangerous obstruction in the highway, and, therefore, the highway commissioner, in placing them there, was guilty of negligence. (*Birdsall* v. *Clark*, 73 N. Y. 73.) The commissioner of highways was guilty of negligence in failing to place lights at or near the excavation. (*Fordham* v. *Gouverneur Village*, 160 N. Y. 541; Jones on Neg. §§ 82, 85; *Place* v. *Yonkers*, 43 App. Div. 380; *Kane* v. *Yonkers*, 43 App. Div. 599; *Brown* v. *Rochester*, 35 N. Y. S. R. 602; *Johnson* v. *Town of Haverhill*, 35 N. H. 74; *Winship* v. *Enfield*, 42 N. H. 197.) It cannot be held, as a matter of law, that the commissioner of highways did what a reasonable and prudent person would ordinarily have done under the circumstances. That was a question for the jury, and it was error to hold otherwise. (*Stacy* v. *Town of Phelps*, 47 Hun, 54; *Pettingill* v. *Yonkers*, 116 N. Y. 564; *Draper* v. *Town of Ironton*, 42 Wis. 696; *Howard* v. *Inhab. of Mendon*, 117 Mass. 585; *Bills* v. *Town of Kaukauna*, 68 N. W. Rep. 992; *Cumming* v. *Gillespie Co.*, 41 Atl. Rep. 693; *Jacobs* v. *Inhab. of Bangor*, 16 Me. 187; *Morton* v. *Inhab. of Frankfort*, 55 Me. 46.)

*Edward R. O'Malley* for respondent. Reasonable care only is the measure of duty resting upon the highway commissioner of a town in the care and maintenance of the highways, and the burden is on the plaintiff to show some personal negligence on the part of the commissioner before the verdict can be sustained against the defendant. (*Sutphen* v. *Town of North Hempstead*, 80 Hun,

411; *Waller* v. *Town of Hebron*, 5 App. Div. 577 ; 131 N. Y. 447 ; *Favro* v. *T. & W. T. B. Co.*, 4 App. Div. 241 ; *Patchen* v. *Town of Walton*, 17 Div. App. 158 ; *Shirdan* v. *Mayor*, 12 Misc. Rep. 47 ; *Grout* v. *Town of Enfield*, 11 App. Div. 358 ; *Monk* v. *Town of New Utrecht*, 104 N. Y. 552; *Stacy* v. *Town of Phelps*, 47 Hun, 54 ; *Cleveland* v. *N. J. S. Co.*, 125 N. Y. 299.) There being no negligence on the part of the highway commissioner, there was no liability on the part of defendant. ( *Waller* v. *Town of Hebron*, 5 App. Div. 581 ; *Lane* v. *Town of Hancock*, 142 N. Y. 510 ; *Dorn* v. *Town of Oyster Bay*, 84 Hun, 510 ; *Barber* v. *Town of New Scotland*, 88 Hun, 522 ; *Young* v. *Town of Macomb*, 11 App. Div. 480 ; *Corey* v. *Town of Gilboa*, 55 App. Div. 111; *Osterhouse* v. *Town of Bethlehem*, 55 App. Div. 198.) There was no duty resting upon the commissioner to place lights upon the excavation, and to omit to do so was not negligence so long as substantial and sufficient barriers were used. (*Parker* v. *City of Cohoes*, 10 Hun, 531 ; *State* v. *Bangor*, 30 Me. 341 ; *Severtre* v. *Mayor, etc.*, 15 J. & S. 341; *Malloy* v. *N. Y. R. E. Assn.*, 156 N. Y. 205 ; *Waller* v. *Town of Hebron*, 5 App. Div. 577 ; *Beliz* v. *City of Yonkers*, 148 N. Y. 67.) The highway was a side road but little traveled and the same care is not required in keeping it in condition for travel that is required on a road that has greater travel, or on streets in villages or cities. (*Roach* v. *City of Ogdensburg*, 91 Hun, 9 ; *Dorn* v. *Town of Oyster Bay*, 84 Hun, 513 ; *Hyatt* v. *Trustees, etc.*, 44 Barb. 386 ; *McNish* v. *Vil. of Peekskill*, 91 Hun, 327 ; *Hope* v. *F. B. C. Co.*, 3 App. Div. 70.)

WERNER, J. Under the provisions of the Highway Law (Sec. 16, chap. 568, Laws 1890) "Every town shall be liable for all damages to person or property sustained by reason of any defect in its highways or bridges, existing because of the negligence of any commissioner of highways in such towns. * * *" Under this law, as under the statute of 1881, the negligence of the highway commissioner is still

the basis of liability and the town is liable for his neglect only in the cases where he was liable himself before the statute was enacted. (*Lane* v. *Town of Hancock*, 142 N. Y. 515.) It is not necessary in this discussion to recite in detail the duties of highway commissioners of towns. Stated in general terms, reasonable care in the construction and maintenance of highways is the measure of duty resting upon the highway commissioners of towns, and such municipalities are not liable for injuries which result from accidents that are not to be anticipated in the exercise of reasonable forethought and prudence. The expression "reasonable care" is, of course, purely relative, and must be applied to the circumstances of each particular case. What would be reasonable care in a given instance might amount to gross negligence in another.

The sole question presented for our decision upon this appeal is whether it can be held as matter of law that the defendant's commissioner of highways did exercise the degree of care required by the situation which he created and which made possible the accident in which the plaintiff was injured. The highway commissioner undertook to repair the sluiceway in question and left the highway in the condition which existed when the accident occurred. In this respect the case at bar is distinguishable from *Lane* v. *Town of Hancock* (*supra*); *Glasier* v. *Town of Hebron* (131 N. Y. 447); *Monk* v. *Town of New Utrecht* (104 N. Y. 552) and other cases relied upon by the defendant, where the question was whether the highway commissioner was negligent in not guarding against dangers which were not of his own creation. In such cases the rule of reasonable care has frequently been applied to existing conditions from which no danger would be anticipated by a commissioner of highways in the vigilant and prudent discharge of his duties ; or to conditions of topography, weather, area of highway district and other matters so far beyond his practical control as to enable the courts to hold as matter of law that he was guilty of no negligence. In the case before us, we have an entirely different

question.   A highway that was perfectly safe for travel was torn up by the highway commissioner for the purpose of improving a sluiceway.   At the close of the day on which the work was undertaken there was an open excavation between twenty and thirty inches in depth, seven feet in width and about sixteen feet in length across the highway.   That such an excavation, unguarded on a dark night, might be dangerous to the wayfarer is too apparent for discussion.   It was, therefore, the obvious duty of the highway commissioner to protect this place of danger with suitable and sufficient lights, guards or barricades.   (*Deming* v. *Terminal Ry. of Buffalo* 169 N. Y. 10.)   The necessity for some degree of protection was evidently appreciated by the highway commissioner, for he attempted to guard against accident by placing the tile which had been taken out of the excavation across the traveled part of the highway in the manner indicated.   That the so-called barricade did not serve the purpose for which it was intended is shown by the result.   Had there been no attempt to barricade or guard this place of danger the highway commissioner would have been clearly guilty of negligence.   (*Chisholm* v. *State of N. Y.*, 141 N. Y. 246.)   The question presented on the facts disclosed by the record is whether the defendant's highway commissioner exercised reasonable care and prudence in attempting to guard it.   Could it be held as matter of law that the defendant is liable simply because the barricade proved to be insufficient?   Certainly not.   Can the court hold as a legal proposition that the highway commissioner had done his full duty, because there was evidence that it had not been customary for his predecessors in office to use lights in connection with barricades?   We think not.   The night was dark.   A jury would have been authorized to find that the barricade could not have been seen without a light.   The plaintiff and her husband had the right to assume that the highway was safe.   (*Weed* v. *Vil. of Ballston Spa*, 76 N. Y. 329; *Pettingill* v. *City of Yonkers*, 116 N. Y. 564.)   It was the duty of the highway commissioner to guard against such dangers as could or ought to have been anticipated or foreseen in the

exercise of reasonable prudence and care. (*Beltz* v. *City of Yonkers*, 148 N. Y. 67.) All of the evidence and the circumstances which throw light upon the situation are to be considered in determining whether this degree of prudence and care was exercised in the case at bar. Unless all of these things taken together point so conclusively in one direction that there is no chance for dispute or argument, the question cannot be decided by the court as one of law, but must be submitted to the jury as one of fact. (*Weed* v. *Village of Ballston Spa*, 76 N. Y. 329; *Ivory* v. *Town of Deerpark*, 116 N. Y. 476; *Chisholm* v. *State of N. Y., supra; Fordham* v. *Gouverneur Village*, 160 N. Y. 541.)

The judgment herein should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., BARTLETT, MARTIN, VANN and CULLEN, JJ., concur; HAIGHT, J., dissents.

Judgment reversed, etc.