(75 App. Div. 1.)

WALSH v. CENTRAL NEW YORK TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. EXCAVATION IN STREET—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

A telegraph and telephone company excavated a trench along a street for the purpose of putting in a subway for its wires. The trench was about 2 feet wide and 3 feet deep, and 3 feet from the nearest rail of a street railway. At the end of the trench was a manhole 6 feet wide, extending nearly to such rail. The dirt from the trench was thrown up on the side opposite the railway. The company placed a row of red lights along the dirt pile about 40 feet apart. There was no barricade or protection of any kind around the manhole. Plaintiff and his brother rode on bicycles at night along the street, plaintiff riding between the rails of the track nearest the trench, and his brother between the tracks, when, seeing a car approaching on the other track, the brother turned onto the track where plaintiff was riding, and he turned onto the 3-foot strip between the track and the trench. The street lights were burning dimly, and it was misty and dark, so that he did not see the manhole, and he rode into it, receiving severe injury. *Held*, that the company's negligence and plaintiff's contributory negligence were for the jury.

2. SAME—REQUESTED INSTRUCTIONS.

The court having in its main charge called the attention of the jury to the existence of the red lights as one of the facts for them to consider in passing on the question of plaintiff's negligence, refusal to charge that "the red lights were a warning to the plaintiff that there was danger in the vicinity, and required him to exercise unusual care in passing that locality," was not error.

Adams, P. J., and McLennan, J., dissenting.

Appeal from trial term, Onondaga county.

Action by Dennis Walsh against the Central New York Telephone & Telegraph Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and SPRING, McLENNAN, WILLIAMS, and HISCOCK, JJ.

Edwin Nottingham, for appellant.

James Devine, for respondent.

SPRING, J. The defendant in the fall of 1900 was engaged in excavating a trench along South Salina street, in the city of Syracuse, for the purpose of putting in a subway for its wires. The trench was about 3 feet in depth and 2 feet across. A manhole had been dug in the street which was 9½ feet by about 6 feet, and over 6 feet in depth. The trench from the north ran into this hole, and the brick had been taken out on the south side the width of the trench and in apparent extension of it. The street extends north and south, and in the center are the double tracks of the street car line. The dirt from the trench had been thrown out on the westerly side, and that part of the street was closed up. The easterly side was open for public travel, and the distance between the curb and the easterly rail of the easterly track was about 17 feet. The street was paved, including the space between the rails, and there was between the trench and westerly rail of the westerly track a strip 3 feet wide, which was open and unobstructed except for the manhole. On the night of September 15th there were red lights along the dirt pile on the westerly side of the trench, and they were placed about 40 feet apart, there being 9 or 10 covering the distance of 393 feet from the manhole to Temple street, the second intersecting street on the north. There was no barricade or barrier around the manhole. On the southerly side was a wheelbarrow with the wheel in the continuation of the trench, and a red lantern was placed on a board extending westerly on the barrow to the dirt pile, and which brought the light substantially in line with the other danger lights referred to. There was also one in the same line at the northwesterly corner of the manhole. There was no board or protection of any kind on the north side of the hole. There was an electric light in the street about 90 feet south of the manhole on a pole 30 feet from the ground, and one north 160 to 175 feet distant, at the junction of South Salina street with Jackson street, but both were burning very dimly. About 9 o'clock in the evening the plaintiff, with his brother, came into South Salina street from Onondaga street, each riding on a bicycle, and traveled southerly, the plaintiff riding between the rails of the street car track, while his brother was between the two tracks, and they were going about four miles an hour. They saw a car coming north on the east track, and a man on a bicycle between the two tracks, and the plaintiff's brother turned westerly when about 40 feet from the manhole, and the plaintiff did likewise, thereafter running along on the strip between the trench and the west car track, and was precipitated into the manhole head foremost, sustaining serious injuries. It had been raining, and was then misty and quite dark.

The jury were justified in finding the defendant guilty ·of negligence in leaving this excavation in the middle of a prominent street of a city without any barricade or protection except the red lights, which were intended primarily to warn wayfarers of the open trench. Strung along as they were, without any deviation, they might even tend to divert the attention of a traveler from any other danger than that which they were ostensibly put up to apprise him of. The defendant was rightfully in the street. It had a lawful right to dig its trench and the manhole, but inseparably connected with that privilege was the duty, ever insistent as an active imperative obligation, to be diligent and careful to make the street as safe for travelers over it as was consistent with the prosecution of its work, and whether the measure of that duty was met in this particular case was for the jury to determine. Lane v. City of Syracuse, 12 App. Div. 118, 42 N. Y. Supp. 219; Donnelly v. City of Rochester, 166 N. Y. 315, 59 N. E. 989; Deming v. Railway, 169 N. Y. 1, 10, 61 N. E. 983. The placing of the lights along by the side of the trench was obviously in recognition of its duty to protect the public from peril, and it was a question of fact whether the means employed were adequate and commensurate with the dangers sought to be guarded against. Snowden v. Town of Somerset, 171 N. Y. 99, 63 N. E. 952; Dill. Mun. Corp. par. 1110.

Nor is it for the court to say as matter of law that want of care is imputable to the plaintiff. He was lawfully in the street, rightfully relying upon the assumption that it was reasonably safe except for the obvious danger of the trench which he was avoiding. Weed v. Village of Ballston Spa, 76 N. Y. 329; Collier v. Collins, 58 App. Div. 550, 69 N. Y. Supp. 94.

There was ample space between the trench and the westerly rail of the street railway track for the plaintiff to travel in safety. It was part of the paved street, and when he saw the bicyclist and street car approaching, and his brother veered off toward him, he was called upon to change his course, and the jury have said the reason-·able route for him to take was along next to the trench. In view of the injuries which he has sustained, it might have been more prudent for him to stop, or in some way to get over to the east side of the street. If he had adopted the latter course, however, and ·collided with the oncoming street car or the bicyclist, it might have been regarded as a foolhardy way for him to adopt to avoid peril. In considering the plaintiff's conduct, we must bear in mind that he knew only of the trench when he elected to turn on the 3-foot 'strip. He was not bound to anticipate the peril of an unguarded excavation 10 feet deep exactly in line with the course he had taken.

The ·rule is well settled that contributory negligence ordinarily is a question of fact. What a man of fair prudence would be apt to do under a precise condition of affairs is as a rule for 12 men composing the jury to determine. In Eastland v. Clarke, 165 N. Y. 420, 59 N. E. 202, the court quote approvingly the following extract from Weber v. Railroad Co., 58 N. Y. 453:

"If there is any conflict in the evidence tending to establish any of the circumstances upon which the question depends, it must be left to the jury.

If there are inferences to be drawn from the proof which are not certain and incontrovertible, they are for the jury. If it is necessary to determine, as in most cases it is, what a man of ordinary care and prudence would be likely to do under the circumstances proven, this, involving, as it generally must, more or less of conjecture, can only be settled by a jury."

Of like import are Kettle v. Turl, 162 N. Y. 255, 56 N. E. 626, and Henavie v. Railroad Co., 166 N. Y. 280–285, 59 N. E. 901. It is no answer to the logic of these authorities to say that the plaintiff was careless in going on this strip. The only reason that might be urged is because of the trench, and had he fallen in that excavation there would be some point in the suggestion. But he was not injured by the trench. That danger was apparent, and he avoided it. He was injured by a defect which he did not apprehend, and which was not observable to him.

The counsel for the appellant asked the court to charge as follows: "And I ask your honor to say that the red lights were a warning to the plaintiff that there was danger in the vicinity of where they were located, and required him to exercise unusual care in passing that locality,"—which the court declined to do, and an exception was taken. There was no error in this refusal to charge as requested. The fact that red lights were placed along in line with the trench did not warrant the instruction that by reason thereof as matter of law the plaintiff was called upon to exercise unusual or extraordinary care. Their location was a circumstance of more or less potency, to be weighed by the jury, bearing upon the question of plaintiff's conduct. The court in his main charge had already called the attention of the jury to the existence of these lights as one of the facts for them to consider in passing upon that question. These red lights might have been significant as a warning to the plaintiff that there was danger, but the especial danger to which they would naturally call his attention, as the jury might say, was the trench itself, which did not cause the injury. To say, as the request signified, that, because these lights were along the course of the trench, as matter of law they required the plaintiff to exercise unusual care to guard against a danger of which he had no intimation, is more than the defendant was entitled to.

I have examined the other exceptions to the refusal to charge, and find none requiring discussion. The charge was fair and lucid, and covered the ground fully. The judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur, except ADAMS, P. J., who dissents on the ground that it was error in the trial court to decline to charge, in accordance with the request of the defendant's counsel, that, in view of the situation which confronted the plaintiff, he was bound to exercise unusual care; and McLENNAN, J., who dissents.