(100 App. Div. 39)

### SNOWDEN v. TOWN OF SOMERSET.

(Supreme Court, Appellate Division, Fourth Department.  December 7, 1904.)

1. HIGHWAYS—REPAIRS—EXCAVATIONS—INJURIES—PROXIMATE CAUSE.

> A highway commissioner opened a sluiceway across a highway, and barricaded the opening, but without lights. Plaintiff drove into the excavation at night, when the wagon was stopped with a jolt. Plaintiff alighted, and held the horses, which were restive, when his wife assisted the children to alight, after which she took hold of the seat in front of her, and as she attempted to alight the seat tipped, and she was thrown into the ditch. *Held*, that such facts did not establish, as a matter of law, that the proximate cause of the wife's injury was the tipping of the seat, and not the defect in the street.

Appeal from Trial Term, Niagara County.

Action by Arthur Snowden against the town of Somerset. From a judgment in favor of plaintiff and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

In August, 1897, the commissioner of highways of the town of Somerset opened a sluiceway in that town for repairs. The old sluiceway consisted

of two rows of 18-inch tile laid side by side across the highway. On the evening of August 18th the tile and loose dirt had all been removed from the sluiceway. The opening was 20 and 23 inches deep on the wheel tracks, respectively, 6 feet wide, and extended across the traveled part of the highway. The highway commissioner placed five of the tile some distance south and five north of the excavation. They were placed diagonally across the highway, so as to indicate that travelers were to take the west side of the road. At about 8 o'clock in the evening plaintiff was driving in a three-seated wagon, with his wife and four children. The wife was seated on the rear seat, some of the children in the center seat. Plaintiff had no knowledge that the sluiceway was torn up, or that there were tile placed on the roadway. The night was dark, and at the time of the accident a rainstorm was in progress. Plaintiff could not see the tiles, and as he came to the point of the accident drove into the tiles. His horses went into and through the sluiceway, and the forward part of the wagon settled into the sluiceway, stopping the wagon with a smash and jolt. Plaintiff at once got out and held the horses, they, as he says, being restive, and the neckyoke up against their throats. Plaintiff's wife attempted to alight after the children had all got out of the wagon, and in doing so placed her hand upon the middle seat, and was thrown into the ditch, sustaining the injuries complained of. The plaintiff brought this action for loss of services of his wife, occasioned by the injuries received by her as above stated, and upon the trial recovered a verdict of $2,000.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

H. W. Rippey, for appellant.
S. Wallace Dempsey, for respondent.

STOVER, J. It was held in Snowden v. Town of Somerset, 171 N. Y. 99, 63 N. E. 952—an action in favor of the wife of this plaintiff, based upon the same accident as the one here shown—that the negligence of the defendant was a question of fact for the jury. The contention of the defendant now is that the sole cause of the injury to plaintiff's wife was the tipping of the seat on which she tried to support herself in alighting from the wagon at the time of the accident, and while the horses attached to the wagon were down in the sluiceway. Mrs. Snowden testified that there was a crash, and the horses went down. Plaintiff, her husband, jumped out, and the children got out one side of the wagon before Mrs. Snowden attempted to alight. Mrs. Snowden took hold of the seat in front of her, placed her foot upon the step of the wagon, and as she attempted to alight the seat tipped, and she was thrown into the ditch. As she says:

"I took hold of the seat. It tipped, and I don't remember what then. I remember taking hold of the middle seat, the seat in front of me. I remember of getting my foot on the step on the east side of the wagon. The next thing I remember was Willie came to me in the ditch. I didn't know then where I was, but that was where I was."

She also testified that she could not see the middle seat when she started to get out, and did not know anything about its position, or whether it was out of place or not, and that she could not see anything. At the time of Mrs. Snowden's attempt to alight, plaintiff was engaged with the horses, still attached to the wagon, and, according to the evidence of plaintiff and Mrs. Snowden, struggling.

The question of whether the injury complained of was caused by defendant's negligence or the act of Mrs. Snowden in taking hold of the

seat was submitted to the jury under a correct instruction, and we think we should not disturb the finding. Mrs. Snowden was called upon to act in order to protect herself from what she might fairly expect to be serious injury resulting ·from the struggle of the horses attached to a wagon in a dangerous situation. It cannot be said that in the brief interval in which the children were alighting, in which she retained a seat in the wagon without injury, the situation had changed, and that she was in a position of safety. During this time (but a few moments at most) she was engaged in directing one son to go for a light and in seeing that the other children were taken from the wagon. Her attempt to alight was but a continuance of action begun at the first appearance of danger, viz., gaining a place of safety, and escaping a danger from the excited horses. The situation called for prompt action. They were still in the dark, a rainstorm in progress, and an unknown situation as to their physical surroundings. Even if the act, under other circumstances, might have been careless, it would seem that under those in this case it was but natural, and not imprudent. The danger was so imminent that she should not be held to that accuracy of judgment required when acting with knowledge of the situation and full opportunity to exercise deliberate judgment. As this is the only substantial error complained of on this appeal, if ·the above views are correct, the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.