STROUSE v. RED STAR TOWING & TRANSPORTATION CO.

(Supreme Court, Appellate Division, Second Department. April 29, 1910.)

1. SHIPPING (§ 86*)—PUBLIC DOCKS—COLLISION OF TUG—INJURY TO PERSON ON DOCK—NEGLIGENCE—EVIDENCE.

   Evidence, in an action by one who, having gone on a public dock of a city, while leaning against spiles imbedded in the mud at the end of it, was injured by defendant's tug running into them, *held* sufficient to go to the jury on the question of negligence.

   [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 353–360; Dec. Dig. § 86.*]

2. SHIPPING (§ 86*)—PUBLIC DOCKS—COLLISION OF TUG—INJURY TO PERSON ON DOCK—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

   Evidence, in an action by one who, having gone on a public dock of a city, while leaning against spiles imbedded in the mud at the end of it, was injured by defendant's tug running into them, *held* sufficient to go to the jury on the question of freedom from contributory negligence.

   [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 353–360; Dec. Dig. § 86.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Clifford Strouse, by William H. Strouse, his guardian ad litem, against the Red Star Towing & Transportation Company. From

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a judgment for defendant, plaintiff appeals.   Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Andrew C. Troy, for appellant.

James J. Macklin, for respondent.

RICH, J.   This appeal is from a judgment of the Municipal Court, dismissing the complaint at the close of plaintiff's case, in an action brought to recover for personal injuries.   There was evidence which would have justified a finding that the defendant was negligent.   It was error to hold as matter of law that the plaintiff was guilty of negligence contributing to the accident, and the judgment must be reversed.

The accident happened upon what is known as "Pier No. 5" in Wallabout Basin, which is one of the public docks of the city of New York.   This pier is several hundred feet long, and had at its outer end, upon either side, a cluster of spiles, about five in number.   These spiles were imbedded in the mud and extended about six feet above a stringpiece running around the edge of the dock.   It was a quiet evening, and no boats were moving in that vicinity.   The plaintiff had gone upon the pier with several companions to bathe and in search of fresh air.   At the time of the accident he was standing upon the stringpiece leaning against two of the spiles, with his back to the others.   At the moment he was looking at a boat moored to a neighboring dock, when a tug, belonging to defendant, without giving any warning or signal of its approach, crashed into these spiles, in consequence of which he was seriously injured.

There was evidence that the plaintiff did not see the tug and had no knowledge of its approach.   It also appeared that the boat was going very fast and struck without slackening its speed.   Two eyewitnesses testified that they observed it when it was approaching 80 feet away, and thought it was going to pass the pier.   It cannot be said under such circumstances that the plaintiff was negligent as a matter of law. The question as to whether he exercised ordinary care depends upon the facts, and the court was not justified in holding that plaintiff's negligence appeared so conclusively that there was nothing left, either of inference or fact, for the determination of the jury.   It was said in Kettle v. Turl, 162 N. Y. 255, 56 N. E. 626:

"It is only where it clearly appears from the circumstances, or is proved by uncontroverted evidence, that the party injured has, by his own acts or neglect, contributed to the injury, that the court can determine that question."

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event.   All concur.