(152 App. Div. 409.)

### FOGARTY v. PITTSBURG CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

MASTER AND SERVANT (§ 289*)—INJURY TO EMPLOYÉ—CONTRIBUTORY NEGLIGENCE—JURY QUESTIONS.

In an action for injury to an employé in a tunnel shaft, caused by a hoisting cage descending upon him without warning, whether he was guilty of contributory negligence *held*, under the evidence, a jury question.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

Appeal from Westchester County Court.

Action by William Fogarty against the Pittsburg Contracting Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

John Ambrose Goodwin, of White Plains, for appellant.
Humphrey J. Lynch, of White Plains, for respondent.

HIRSCHBERG, J. The plaintiff has recovered a verdict for damages sustained by him while working for the defendant in the construction of a tunnel to be used in connection with the water supply

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the city of New York. He was in a shaft at the time of the accident, about 125 feet beneath the surface of the ground, and at the bottom of the tunnel. Two hoisting cages were operated in the shaft, working alternately upon a cable by means of an engine located on the surface of the ground a short distance from the mouth of the shaft. At the bottom of the tunnel and running across the opening of the shaft were two railway tracks, on which hand cars were pushed to and from the shaft. By the operation of the apparatus a loaded hand car would go up on one of the hoisting cages and an empty hand car would come down at the same time. The plaintiff's duty, among other things, was to fasten the loaded car to the cage that it might be hoisted, and to disengage the unloaded car for the purpose of loading and fastening it again, as the alternate turns required. There seems to be some proof to the effect·that as he was obliged to enter the bottom of the shaft from time to time to discharge his duties, a man on the surface of the ground was required to signal to him when a cage was descending; but the only system adopted for signals was to endeavor to make a can, described by one of the witnesses as a tomato can, strike the metal top of the cage by pulling a rope at the surface. The man operating the signal could not tell whether the can struck any metal on the top of the cage, so as to give a signal of warning, and on the occasion in question it was proved that no sound or warning was heard by the plaintiff.

The plaintiff was injured while passing in the discharge of his duties along the tracks under the shaft at a time when a loaded cage was coming down, and of which the attempted signal, as I have said, gave no warning. He was crushed by the weight of the car and very severely injured. No motion was made to dismiss the complaint at any time during the trial. No exception was taken to the charge to the jury, or to the admission or rejection of evidence, and although a motion was made for a new trial on all the grounds contained in section 999 of the Code of Civil Procedure, and denied, no appeal has been taken from the order denying the motion. There is no question of fact, therefore, before the court, and the only point urged by the learned counsel for the appellant in effect is that the plaintiff was guilty of contributory negligence as matter of law.

The negligence of the defendant is undoubted. There was no way provided to enable the plaintiff to pass through the shaft without going under the hoisting apparatus, as is required by the provisions of section 128 of the Labor Law (chapter 36, Laws of 1909 [Consol. Laws 1909, c. 31]). At the time of the accident the plaintiff had been employed but four days. The evidence justifies the conclusion that the person charged with the duty of giving him instruction with reference to his work and the risks likely to be encountered had failed to give such instruction, and there is no evidence tending to indicate that the plaintiff had any knowledge of the inefficiency of the signaling system. The case, therefore, does not come within those exceptional ones where contributory negligence becomes a question of law, namely, where it has been so conclusively established by uncontroverted evi-

dence that nothing is left, either of inference or of fact, to be determined by a jury. See Kettle v. Turl, 162 N. Y. 255, 56 N. E. 626. The judgment should be affirmed.

Judgment of the County Court of Westchester County unanimously affirmed, with costs. All concur.