JOSEPHINE ANNINO, Respondent, *v.* CITY OF UTICA, Appellant, Impleaded with GEORGE COMSTOCK, Defendant.

Fourth Department, June 30, 1936.

*Bartle Gorman, Corporation Counsel [M. Francis Malone, Assistant Corporation Counsel, of counsel], for the appellant.*

*Salvador J. Capecelatro, for the respondent.*

THOMPSON, J. Plaintiff's judgment for damages for personal injuries rests upon a charge of negligence against the city of Utica in causing a flare to be suspended several feet from the ground by means of a metallic tripod which was set over an area extending around a manhole, which had been recently repaired, without any further barrier or protection, and without sufficient lights to give warning in the darkness of the presence of the tripod or condition. The street was thirty-four feet in width from curb to curb. From the center of the manhole to the southerly curb line was twelve and three-tenths feet. The iron cover of the manhole was two and three-tenths feet in diameter. In the repair of a defective condition in the pavement, which surrounded the manhole, the city put in a filling of concrete, circular in form on the surface, and about four and seven-tenths feet in diameter. The distance between the legs of the metal tripod when extended and in place was three feet and six inches. With the tripod set over the center of the manhole each leg extended about ten inches beyond it. The spread of the tripod did not entirely cover the fresh concrete area. From the circumference of the space occupied by the tripod as set, it was about ten feet six inches to the curb. The diameter of the flame of the flare was eight inches.

Plaintiff was a passenger in an automobile which was proceeding easterly. The street was well lighted. No vehicles were parked on the street at or near the tripod, and there was an available space of about ten feet for the passage of automobiles between the tripod and the curb. The automobile ran into the tripod and caused the flare to be thrown from its position on the top of the tripod to the top of the hood of the automobile, from whence it crashed through the windshield and struck plaintiff on the right side of her face, causing the injuries for which she has recovered a verdict.

We do not think that these facts are sufficient to sustain a charge of negligence against the city. Neither the construction of the tripod nor its maintenance with the flare installed upon it at the particular place, for the purpose and in the manner that the proofs show here, constitutes negligence, nor, in the circumstances, was such an accident foreseeable, in the exercise of reasonable care. The fact that the tripod was equipped with a hook, upon which the city usually hung a red lantern, and that such a lantern was or was not in place on the tripod on the night of the accident, is not of consequence.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

All concur, except TAYLOR, J., who dissents and votes for affirmance in a memorandum. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

TAYLOR, J. (dissenting). The jury had warrant to find that the defendant chose to fulfill its obligation to use reasonable care to prevent automobile drivers from driving into the open manhole at night — in all kinds of weather reasonably to be anticipated — by placing a loosely attached " flare " light or " bomb " (so called) upon a tripod standing over the manhole; that plaintiff and the driver of the automobile approaching the manhole at night during a heavy rainstorm and in the exercise of reasonable alertness and at a reasonable speed did not see the light and contact between the automobile and the tripod caused the " bomb " to become detached from the tripod, roll along the hood of the car, break through the windshield and roll against plaintiff's person to her serious injury; and that the dangerous condition of the street had been created by defendant. On this state of facts the finding of the jury that this or a similar mishap was reasonably foreseeable (*Parnell* v. *Holland Furnace Co.*, 260 N. Y. 604; *O'Neill* v. *City of Port Jervis*, 253 id. 423; *Kalinowski* v. *Truck Equipment Co., Inc.*, 237 App. Div. 472; *Burrows* v. *Livingston-Niagara Power Co.*, 244 N. Y. 548) and that the city had not suitably safeguarded this plaintiff, should not receive the disapproval of this court. (*McGettigan* v. *N. Y. C. R. R. Co.*, 268 N. Y. 66; *Corcoran* v. *City of New York*, 188 id. 131; *Wilson* v. *City of Troy*, 135 id. 96. See, also, *Snowden* v. *Town of Somerset*, 171 N. Y. 99; *Donnelly* v. *City of Rochester*, 166 id. 315; *Walsh* v. *Central N. Y. Telephone & Telegraph Co.*, 75 App. Div. 1; revd., but solely on error in charge, 176 N. Y. 163.)

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.