ROSARIO CAMUGLIA, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 28931.)

Court of Claims, January 9, 1950.

*Michael Nardone* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Sidney B. Gordon* of counsel), for defendant.

Young, J. At about 5:20 in the morning of March 19, 1948, claimant Rosario Camuglia was driving his 1947 Pontiac automobile in a southerly direction in the town of Woodbury, Orange County, on Route 32, a highway maintained by the State of New York. As the claimant was driving upgrade at about twenty miles per hour and around a curve to his right he saw a portion of the concrete road heaved up in his lane of travel about sixty feet in front of him. He could not turn to his left because of oncoming traffic or to his right because of a drainage ditch which ran parallel with and a few feet from the paved portion of the highway and because of a telephone pole at the side of the drainage ditch. The claimant applied his brakes but was unable to stop his car before it ran up onto the upheaved concrete slab. The car came to a sudden stop on top of the slab with the front wheels suspended in the air, causing both damage to the car and injuries to the claimant, recovery for which this suit is brought.

It was the duty of the State to repair and put in reasonably safe condition this highway which had become dangerous through wear and the action of the elements. (*Peek* v. *State of New York,* 137 Misc. 840; *Sporborg* v. *State of New York,* 226 App. Div. 113; *Best* v. *State of New York,* 203 App. Div. 339; *Kirchner* v. *State of New York,* 223 App. Div. 543.)

It was the duty of the State to guard against such dangers as could or ought to have been anticipated or foreseen in the exercise of reasonable prudence and care. (*Snowden* v. *Town of Somerset,* 171 N. Y. 99, 105, 106.) The burden was upon the claimant to show whether or not the State had notice, either actual or constructive, of the existence of the condition which caused the accident so that it could have anticipated the danger. To that end the following testimony in substance was introduced over the State's objection: Beginning at a point approximately

100 feet north of the scene of the accident and proceeding southward for a distance of about five miles the concrete pavement was crisscrossed with cracks. A few days prior to the day of the accident the State had repaired at least one frost heave at a point some 75 to 100 feet north of the place of the accident. Beginning a few feet south of the place of the accident and for a half mile the pavement was in a serious state of disrepair, there being numerous holes in it, warning of which was given either by flags or by flares. At one place some 200 to 300 feet south of the place of the accident one-way traffic was maintained. There were no lights, flares or signs at the place of the accident or immediately to the north of it to warn southbound travelers of the dangerous condition of the pavement to be found there.

The State did not put in any evidence, resting apparently upon its objection to the court's denial of its motion to strike out all testimony relating to conditions north and south of the point of the accident as having no bearing on whether the State had received notice of the condition at the point of the accident.

The court cannot agree with such a limiting view of the pertinent laws of evidence. " The existence or quality or condition of an object or place may be evidenced by its concurrent existence or quality or condition in a *part* thereof so related that similarity is probable ". (Wigmore's Code of Evidence [2d ed.], p. 118.) Evidence of the generally bad condition of a street or sidewalk in the immediate vicinity of the place where an accident occurred is admissible to show notice. (25 Am. Jur., Highways, § 580, p. 862.) " * * * evidence of other similar defects in the vicinity is competent on the question of constructive notice of the particular defect ". (40 C. J. S., Highways, § 280, p. 335.)

The court feels that the upheaved concrete slab which was the cause of this accident was only a part of a dangerous condition stretching over five miles of the highway. It is enough to show that the State recognized that this condition did exist in the vicinity of the place of the accident without requiring a showing that the State had actual knowledge of the particular frost heave itself and to say that the laws of evidence demands this is to deprive it of its practicality. It was the duty of the State not to leave the area in question for use by the public unless it was reasonably certain that it could be safely used.

In the matter at hand fortunately the claimant was not severely injured and it is the opinion of this court that the claimant is entitled to an award against the State of New York in the sum set forth in the accompanying decision.