SARAH McCONNELL, as Administratrix, etc., of MATTHEW McCONNELL, Deceased, Appellant, *v.* MORSE IRON WORKS AND DRY DOCK COMPANY, Respondent.

*Negligence — injury to an employee falling upon a revolving shaft because of the breaking of a defective ladder furnished by his employer — presumption, on an appeal from a judgment of nonsuit.*

In an action brought to recover damages resulting from the death of the plaintiff's intestate, it appeared that the intestate was employed by the defendant as a helper to one Wilson, a steamfitter, who was also in the defendant's employ; that on the day of the accident the intestate and Wilson were engaged in removing a water pipe which was located adjacent to a revolving shaft; that the intestate and Wilson were each using a ladder in the work, both of which ladders had been placed in position by Wilson and another one of the defendant's employees, during the absence of the intestate; that the ladder upon which the intestate was mounted was fifteen inches wide and eighteen feet long, and was constructed by nailing slats to two parallel pieces of scantling. It was described as being old, worn and broken, the rungs being worn about half way through.

Wilson, the only witness to the accident, testified that he was on the ground about a foot from the bottom of the ladder upon which deceased was working, when he heard breaking wood overhead and instantly, upon looking up, saw deceased with one hand holding to the ladder, "*and then instantly as I was watching him, he fell backwards towards the shaft* and then there was another instant perhaps, and somehow he seemed to catch on to the shaft and go over like that (indicating)."

*Held,* that it was improper for the court to dismiss the plaintiff's complaint;

That it was the duty of the defendant to provide the plaintiff's intestate with a safe ladder upon which to perform his labor;

That upon the evidence the questions of the defendant's negligence and of the intestate's freedom from contributory negligence should have been submitted to the jury;

That, in reviewing a judgment upon a nonsuit, the plaintiff is entitled to the benefit of every fact that the jury could have found from the evidence given.

APPEAL by the plaintiff, Sarah McConnell, as administratrix, etc., of Matthew McConnell, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 13th day of June, 1904, upon the dismissal of the complaint by direction of the court after a trial at the Kings County Trial Term, and also from an order entered in said clerk's office on the 30th day of June, 1904, denying the plaintiff's motion for a new trial made upon the minutes.

*Thomas F. Magner* [*William F. Hagarty* with him on the brief], for the appellant.

*Eugene Lamb Richards, Jr.* [*Frank Verner Johnson* with him on the brief], for the respondent.

RICH, J.:

Plaintiff's intestate, at the time of the accident complained of, was employed by defendant as helper to one Wilson, a steamfitter, also in defendant's employ. On the day of the accident they were engaged in removing a water pipe which ran along one of the side walls of defendant's blacksmith shop, seventeen feet above the floor and parallel with the line of shafting, making 122 revolutions per minute, two and one-half or three feet out from the wall and three or four feet nearer the floor than this water pipe. In order to remove the pipe it became necessary to cut it into two pieces, and orders were given Wilson, who directed deceased to do this. Two ladders were used in this work, one by the deceased and the other by Wilson, they having been placed in position by Wilson and another of defendant's employees during the absence of the deceased, who was directed to mount one of them. The evidence tends to show that the ladder upon which deceased was engaged was fifteen inches wide, eighteen feet long, constructed by nailing slats to two parallel pieces of scantling and was described as being old, worn

and broken, the rungs being worn about half way through. It is claimed that plaintiff's intestate lost his life in consequence of the breaking of this ladder, which was in a weak and defective condition, and not of sufficient capacity to sustain his weight — about one hundred and forty-five pounds. After listening to the evidence on the part of the plaintiff, the learned trial court dismissed the complaint, and we are now asked to determine the correctness of this ruling.

Wilson, the only witness to the accident, testified that he was on the ground about a foot from the bottom of the ladder upon which deceased was working, when he heard breaking wood overhead and instantly, upon looking up, saw deceased with one hand holding to the ladder, " *and then instantly as I was watching him, he fell backwards towards the shaft* and then there was another instant perhaps, and somehow he seemed to catch on to the shaft and go over like that (indicating)."

It was the duty of the defendant to provide a ladder which should not be unsafe, upon which plaintiff's intestate was to perform his labor. (Laws of 1897, chap. 415, § 18.)

In reviewing a judgment upon a nonsuit the plaintiff is entitled to the benefit of every fact that the jury could have found from the evidence given (*McNally* v. *P. Ins. Co.*, 137 N. Y. 389, 394), and I think it might have found, from the evidence of Wilson, that the ladder was in an unsafe condition and that its breaking precipitated deceased upon the shaft, and it was error not to submit the case to the jury. The question of contributory negligence on the part of the deceased was also one for the jury. (Laws of 1902, chap. 600, §§ 1, 2.)

Judgment and order reversed and new trial granted, costs to abide the event.

HIRSCHBERG, P. J., WOODWARD, JENKS and MILLER, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.