IDA SHOVAN, as Administratrix, etc., of MIDDY SHOVAN, Deceased, Respondent, *v.* LOZIER MOTOR COMPANY, Appellant.

. Third Department, September 26, 1913.

Master and servant — negligence — death by slipping of ladder — evidence raising question for jury.

Action against a master to recover for the death of a servant who, by the direction of a foreman, mounted a ladder which slipped and killed him. There was evidence that the spurs on the foot of the ladder were blunt and liable to slip. Evidence examined, and *held*, sufficient under section 18 of the Labor Law to make the defendant's negligence and the contributory negligence of the decedent questions for the jury.

Said provisions of the Labor Law do not preclude the defendant from invoking the contributory negligence of the decedent.

APPEAL by the defendant, the Lozier Motor Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Clinton on the 19th day of July, 1913, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 18th day of July, 1913, denying the defendant's motion for a new trial made upon the minutes.

*John H. Booth*, for the appellant.

*John E. Judge*, for the respondent.

Judgment and order unanimously affirmed, with costs, on the opinion of Mr. Justice BORST at Trial Term.

The following is the opinion of Mr. Justice BORST:

BORST, J.:

I am of the opinion that the evidence in this case in connection with section 18 of the Labor Law,* which would seem to apply, was sufficient to make the defendant's negligence a question for the jury. (*McConnell* v. *Morse Iron Works*, 102 App. Div. 324; *Cummings* v. *Kenny*, 97 id. 114; *Kelly* v. *National Starch Co.*, 142 id. 286.)

* See Consol. Laws, chap. 31 (Laws of 1909, chap. 36), § 18, as amd. by Laws of 1911. chap. 693.—[REP.

The provision of the Labor Law referred to does not preclude the defendant, however, from invoking the contributory negligence, if any there was, of plaintiff's intestate. (*Gombert* v. *McKay*, 201 N. Y. 27.)

Now as to the contributory negligence of plaintiff's intestate. The case was submitted to the jury on the theory that on this question plaintiff had the burden of proof and this must, therefore, undoubtedly be the law of the case on this motion. This burden, however, it would seem under the provisions of the Labor Law (§ 202a)* as it now stands, was on the defendant. Treating the case, therefore, on the theory on which it was tried, I think the intestate's negligence was a jury question.

The jury were authorized to find that the spurs on the foot of ladders used about defendant's premises became dull by usage and were sharpened from time to time; that this was no part of the duties of the intestate. This was a duty, however, imposed by law upon the defendant and especially so by virtue of the section of the Labor Law cited. The spurs on the ladder in question were dull and the jury had the right to find from the evidence that had they not been so they would have sunk into the floor under the weight of plaintiff's intestate and not have slipped and the accident would thereby not have occurred.

Evidence was given by one of defendant's employees to the effect that some weeks prior to the day of the accident ladders, including the ladder in question, had been used by plaintiff's intestate and the witness; that the witness had forced the spurs into the floor in the intestate's presence by hitting them with a hammer. The truthfulness and force of this evidence was for the jury. Plaintiff's intestate might well have assumed that the spurs on the ladder in question had been sharpened between the time that witness referred to and the day of the accident when he came to use it. It does not appear that plaintiff's intestate knew that the spurs on the ladder were dull.

The direction to the intestate to perform the work in which he was engaged came from his foreman, who testifies: "I went in the powerhouse. Shovan was there. I said to

---

* Added by Laws of 1910, chap. 352.—[REP.

him, ' Middy, when you have time, or when you haven't got much to do, take and connect up the radiator that is in the toilet room off of the assembly room with a 2½ inch pipe that we recently ran down through there from the heating coil in the northwest corner of the building. There is no particular hurry about it, but do it when you have time to do it. Your pipe is here on the floor.' The pipe was lying on the floor right beside him when I was speaking. The ladder stands up by the heating coil in the northwest end of the building."

The ladder was in place and the intestate was to go up that and make the connection. He had a pail of paint in his hand which was to be used on the joints of the pipes which he was to connect. He was near the top of the ladder when it slipped and the fall came which resulted in his death. In view of the attention which he must necessarily have given to his work, the materials he was to take and use, and in view of the instructions given to him by the foreman to go up that ladder to do the work, it was at least for the jury to say whether he should have in mind, distracted as his attention might have been, that the defendant had failed to sharpen the spurs on the ladder. (*Kettle* v. *Turl*, 162 N. Y. 255; *Delaney* v. *City of Mount Vernon*, 89 App. Div. 209.)

The motions for a nonsuit and the new trial should, therefore, be denied.